### TOUSSAINT *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A judgment recovered by a creditor against his debtor within three months of his insolvency, according to the usual forms of judicial proceeding, will not be considered *null* when there is no evidence of collusion between the parties.

The article 3323 of the Louisiana Code, declaring, that mortgages given and inscribed within three months previous to the failure of the debtor, shall be declared null, as presumed to be given in fraud of creditors, unless a real and effective value is shown at the moment of the contract, relates to conventional, not judicial mortgages.

So, where a judgment was rendered and inscribed in the mortgage office, more than ten days before the failure of the debtor, and no collusion is shown : *Held,* that it is valid, and entitled to full effect as a mortgage debt.

This case comes up on the opposition of Garcia Santa Marina, to the tableau of distribution filed by the syndic of the creditors of the insolvent debtor.   He claims to be put on the tableau as a mortgage creditor.   The syndic placed him thereon as an ordinary creditor.

The facts show that on the 2d April, Santa Marina loaned the debtor four thousand dollars, and took his receipt, specifying that the money was to be returned at the end of the month. It not being paid, on the 8th May suit was commenced. The defendant pleaded a general denial, and admitted his signature.

On the 22d May, by consent of parties, the jury was waived, and the case submitted to the court on the papers; and on examination, the court being satisfied that the signature to the receipt sued on was genuine, rendered judgment for the amount claimed. This judgment was recorded in the mortgage office the 29th May, 1834.

Toussaint filed his bilan on the 20th June, following.

The parish judge who tried the opposition was of opinion that the case came within the words or strict meaning of the 24th section of the act of 1817, declaring *null* any unjust preference which one creditor may obtain over another. The opposition was overruled, and the opposing creditor appealed.

*Morphy* and *Grailhe*, for the opposing creditor, contended, that the judgment was fairly obtained against Toussaint before his insolvency, and duly recorded in the mortgage office. It should be placed on the tableau as a mortgage debt.

2. An attentive consideration of the 24th section of the insolvent law of 1817, will show that it has no application to this case. There is no confession of judgment, and no evidence to show any collusion or other means to give an unjust preference to this creditor.

3. The court is referred to the 3323d article of the Louisiana Code, relied on by the other party. Its prohibitions and restrictions do not apply to this case; the judgment here was obtained more than ten days before the failure, and without collusion.

*J. Seghers, contra,* referred the court to the case of Brown *vs.* Kenner, 3 Martin, 270, where the principle is well settled that an insolvent cannot give an undue preference to any of his creditors.

EASTERN DIST.
May, 1837.

TOUSSAINT
vs.
HIS CREDITORS.

*Bullard, J.*, delivered the opinion of the court.

This is an appeal from a judgment dismissing the opposition of the appellant to the tableau of distribution filed by the syndic of the creditors of Jean Toussaint. The appellant, Santa Marina, had been placed on the tableau as a simple creditor, for the amount of a judgment rendered in his favor, against the insolvent, on the 28th May, 1834, and inscribed in the office of the recorder of mortgages on the day following. He claimed to be set down as an hypothecary creditor, for the amount of his judgment.

It appears that the insolvent filed his bilan on the 20th June, 1834, twenty-one days after the inscription of the judgment.

The Parish Court was of opinion that the case comes within the spirit, if not the words, of the 24th section of the act of 1817, declaring null any unjust preference which one creditor might obtain over another, within three months preceding the failure, and dismissed the opposition.

That section provides, that any debtor who shall be convicted of having within three months preceding his failure, sold, engaged or mortgaged any of his property, or confessed judgment, in order to give an unjust preference to one or more of his creditors over the others, shall be deprived of the benefit of the act, and said act shall be declared null and void.

This act speaks of conventional mortgages and judgments confessed, and seems to require a conviction of the party who applies for the benefit of the act. Whether such previous conviction be required before the nullity of the contract or judgment confessed, can be pronounced, it is not necessary to decide in this case. We are not, however, prepared to say that a judgment recovered according to the usual forms of judicial proceedings within the three months preceding the failure, is therefore null. It is true, such forms may be adopted by the parties collusively, as the means by which a fraudulent preference is sought to be obtained by one creditor, but in such a case it ought to be shown that the judgment creditor knew of the insolvency of the debtor. If at the time

*A judgment recovered by a creditor against his debtor, within three months of his insolvency, according to the usual forms of judicial proceeding, will not be considered null when there is no evidence of collusion between the parties.*

Santa Marina lent the money, he had taken a mortgage to secure its reimbursement, we do not doubt it would have been valid, even under the act of 1817, although within the three months next preceding the failure. In this case it is not shown that Santa Marina knew of the insolvency of Toussaint, and although the parties waived a trial by jury, and submitted the case to the court on the plea of general denial, yet we think it is not shown by evidence that there was any unfair collusion between them. The mere admission of his signature by the defendant does not vary the case, because such an admission would have been implied unless the signature had been formally and explicitly denied.

In our opinion, therefore, the case is not to be governed by the act of 1817, but by the principles established by the code. Article 3323 provides, that' mortgages given and inscribed within three months previous to the failure of the debtor, shall be declared null, as presumed to be given in fraud of other creditors, unless the person in whose favor the mortgage was granted shall prove that he paid a real and effective value at the moment of the contract. This article refers to conventional mortgages, and the inscription of judgment so as to operate a judicial mortgage in reference to third persons is regulated by subsequent ones.

The article 3323 of the *Louisiana Code,* declaring, that mortgages given and inscribed within three months previous to the failure of the debtor, shall be declared null, as presumed to be given in fraud of creditors, unless a real and effective value is shown at the moment of the contract, relates to conventional, not *judicial* mortgages.

These articles provide that an inscription of a judgment made after the failure, or on the day preceding it, shall have no effect whatever against other creditors, and that the inscription of a judgment obtained against the debtor within ten days preceding his failure, shall have no effect against other creditors, if it should appear from the time at which the suit was commenced, and the manner in which it was conducted, that the debtor intended to favor the plaintiff, either by consenting that judgment should be rendered against him without the usual delay, or by not making a defence, or by confessing judgment when the cause admitted of contest. 3325, 3326.

If the judgment in the present instance had been rendered within ten days preceding the failure, it would have presented a case expressly provided for by one of the above

16

So, where a judgment was rendered and inscribed in the mortgage office, more than ten days before the failure of the debtor, and no collusion is shown: *Held*, that it is valid, and entitled to full effect as a mortgage debt.

articles, and its nullity would have depended on the circumstances which attended its rendition, and whether the suit was fairly prosecuted and defended. But the judgment was in point of fact rendered more than twenty days before the failure. The law favors the vigilant, while at the same time it guards against those innumerable contrivances and manœuvres by which debtors and creditors seek to give or obtain unjust preferences. In the absence of any proof to show collusion between the parties in the present case, with a knowledge on the part of the creditors of the failing situation of the insolvent, we do not think ourselves authorized to pronounce the nullity of the inscription of the judgment, and of the judicial mortgage which resulted from it, and we are of opinion the Parish Court erred in dismissing the opposition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be reversed ; and it is further adjudged and decreed, that the opposition of Santa Marina be sustained, and that he be placed on the tableau as a mortgage creditor from May 29, 1834, for the amount of his judgment, and that the syndics pay the costs in both courts.