## THOMAS v. LOUISIANA OIL REFINING CORPORATION.

### No. 5559.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

Barksdale, Warren & Barksdale, of Ruston, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

DREW, Judge.

In suit No. 4025 on the docket of the Third judicial district court in ,and for Jackson parish, La., the Louisiana Oil Refining Corporation secured a judgment against A. J. Thomas in the sum of $1,357.25, with interest and costs. That suit was filed February 11, 1935, and judgment was rendered December 9, 1935. The judgment was recorded in the mortgage records of Jackson parish on March 11, 1936.

On December 10, 1935, A. J. Thomas was adjudged a bankrupt and, after due proceedings had, was granted a discharge on April 7, 1936. On April 26, 1937, A. J. Thomas proceeded by rule against the Louisiana Oil Refining Corporation and J. C. Shows, clerk and ex officio recorder of Jackson parish, to have the above-mentioned judgment canceled and erased from the mortgage records, for the reason that the discharge in bankruptcy discharged petitioner from any and· all liabilities under said judgment.

On the day fixed for the hearing of the rule, defendant in rule filed an exception of no right or cause of action, which exception was overruled by the lower court. Defendant then answered admitting all the allegations of plaintiff's petition, except the allegation that liability under the judgment was discharged when plaintiff was adjudged a bankrupt and subsequently discharged.

It further answered by alleging that the property owned by plaintiff in rule was disclaimed by the bankruptcy court and was not administered upon or sold by the receiver, trustee, or other bankruptcy officer, and that, while plaintiff is personally discharged from his obligations, all property owned b͜ him and disclaimed by the bankruptcy court, and not administered by said court, is answerable in rem for all liens and incumbrances resting upon said property at the time of the adjudication in bankruptcy, and that the judgment sought to be canceled should not be canceled.

On the trial of the rule, plaintiff offered the record in suit No. 4025, being the case in which defendant secured the judgment sought to be canceled, for the restricted purpose of showing rem ipsem with particular reference to the judgment, and for the particular and restricted purpose of showing its date and that of recordation. He also offered and filed a certified copy of the discharge in bankruptcy, showing ·his discharge from all debts and claims, which are made provable by said act against his estate and which existed on the 10th day of December, 1935, on which day the petition for adjudication was filed by him, except such debts as are by law excepted from the operation of a discharge in bankruptcy. There was no other evidence offered by either plaintiff or defendant.

The lower court awarded judgment in favor of plaintiff in rule as prayed for, and defendant in rule is now prosecuting this appeal.

In this court, by proper proceedings, the Arkansas Fuel Oil Company has been substituted as defendant in place and stead of the Louisiana Oil Refining Corporation, and it again urges here the exception of no right or cause of action. It relies in support of its exceptions on the cases of Schexnailder v. Fontenot, 147 La. 467, 85 So. 207, and Toussaint v. His Creditors, 11 La. 118, and 11 U.S.C.A. § 96, par. (b). The case of Toussaint v. His Creditors has no application to the one at bar, and that of Schexnailder v. Fontenot is likewise not authority, under the allegations of plaintiff's petition for the contention of defendant. The allegations of the petition show that defendant secured a judgment against plaintiff on December 9, 1935, and on the next day, December 10, 1935, the plaintiff herein was adjudged a bankrupt. The above-cited case clearly holds that a judicial mortgage inscribed more than four months prior to the filing of a petition in bank-

ruptcy against the mortgage debtor is unaffected by such petition or by subsequent discharge in bankruptcy. The above rule has no application to the facts alleged in plaintiff's petition.

Section 96, par. (b), 11 U.S.C.A., p. 336, Bankr.Act § 60b, likewise has no application. This section applies only where the bankrupt has voluntarily given a preference to some creditor by procuring or suffering a judgment to be rendered against him for that purpose, or has transferred property to a creditor in order to give a preference. In such cases the judgment or transfer is only voidable by the trustee. In this case, plaintiff did not suffer or procure a judgment against himself in favor of defendant herein, or did he transfer any property to a creditor for the purpose of giving a preference. He resisted the attempt of defendant herein to secure a judgment against him.

We are therefore convinced there is no merit in the exception of no cause or right of action, and it was properly overruled below.

Defendant secured judgment against plaintiff on December 9, 1935. Plaintiff was adjudged a bankrupt on December 10, 1935, and discharged April 7, 1936. Defendant's judgment was not recorded until March 11, 1936, more than three months after plaintiff had been adjudged a bankrupt. Defendant's judgment did not become a lien against plaintiff's property, if he had any, until it was recorded in the mortgage records. It therefore follows that, at the time plaintiff was adjudicated a bankrupt, defendant had no lien to be preserved. The record likewise fails to show that plaintiff had any property on which the judgment could operate as a lien. The record not only fails to show that any property of plaintiff was disclaimed by the bankruptcy court, but utterly fails to show that plaintiff owned any property of any kind.

We deem it unnecessary to further discuss this case for the reason the Bankruptcy Act, § 67f, 11 U.S.C.A. § 107(f), plainly states that all levies, judgments, attachments, or other liens, obtained through legal proceedings at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt; and it is now well settled that paragraph (f) of this section applies to voluntary as well as involuntary proceedings. The nullification of liens obtained within the four-month period is the same in both cases. This rule is supported by a full column of decisions found in 11 U.S.C.A. § 107, p. 306.

The judgment plaintiff is asking to have canceled was rendered one day before plaintiff was adjudged a bankrupt and recorded three months afterward.

The judgment of the court ordering the judgment against plaintiff canceled and erased from the mortgage records is correct, and is affirmed, with costs.