THEODORE W. STONE, RECEIVER, &c., v. THE NEW JERSEY AND HUDSON RIVER RAILWAY AND FERRY COMPANY.

Argued February 21, 1907—Decided June 10, 1907.

A member of an insolvent mutual assessment insurance company cannot set off a debt due him for a loss under a policy against assessments due from him to the company to pay losses, even though. the company is a foreign corporation and the suit to recover the assessments is brought by a foreign receiver.

On motion to strike out notice of set-off.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the motion, *Linton Satterthwait.*

*Contra, Edmund W. Wakelee* and *Wendell J. Wright.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff is a receiver of a mutual assessment insurance company of Pennsylvania, appointed by a court of that state.   The action is brought to recover assessments upon a policy of insurance.   The defendant seeks to set off a sum due to it for losses covered by the policy.   The question raised by the motion is whether there is a right of set-off.

The right of set-off as against the receiver of an insolvent corporation does not rest upon the statute of set-off, but upon the provision of the Corporation act authorizing the receiver to settle debts due the company upon such terms as he shall deem just and beneficial to the corporation, and in case of mutual dealings to allow just set-offs.   *Receivers* v. *Paterson Gas Light Co.,* 3 *Zab.* 283.

Whether the allowance of such a set-off as is here claimed is just or not, depends upon the contractual relations between the insolvent company and the defendant.   The contract is found in the defendant's applications and in the policies issued thereon, all of which are in the same terms.   By the applications the defendant applies for membership and insurance.   By the policies it is entitled to share in dividends declared by the directors of the insolvent association, and in case the fixed premium rate charged by the association is insufficient to pay losses, becomes liable to pay a *pro rata* additional sum to make up the deficiency, not exceeding five per centum of its gross traffic receipts.

Under such a contract the relation of the defendant to the association is twofold; it is assured thereby and hence a possible creditor; it is a member of the association and hence a *quasi*-partner in the enterprise.   The present suit is to enforce the liability of the defendant in the character of member.   The set-off is a claim in its character of creditor.   The injustice of allowing one member of a mutual insurance company upon the assessment plan to escape liability to contribute

to the common fund and thereby obtain an advantage over his fellow members, all of whom embarked in the same enterprise presumably on equal terms, and of allowing one creditor of an insolvent company to be preferred over other creditors merely by reason of his liability to contribute toward the payment of the losses of all, is manifest. The authorities seem quite unanimous against allowing a set-off in such a case. One of the early cases is *Hillier* v. *Allegheny Mutual Insurance Co.,* 3 *Pa. St.* 470. This was followed in *Lawrence* v. *Nelson,* 21 *N. Y.* 158. Although the precise question has never been decided in this state, a somewhat similar question was presented to Chancellor Runyon (*Vanatta* v. *New Jersey Mutual Life Insurance Co.,* 4 *Stew. Eq.* 15, 23) with the same result. The New York and Pennsylvania cases above cited have been relied on as authority by the Court of Errors and Appeals. *Hannon* v. *Williams,* 7 *Id.* 255. This was a case where a depositor in a savings bank was refused a set-off of her deposit against her indebtedness. Although her indebtedness to the bank was upon bond and mortgage, this fact was not relied on. The set-off was refused upon the ground that the depositors in a savings bank had a common interest in a common fund to which all looked for profit or for indemnity. The case of a mutual assessment insurance company presents an even stronger case against the allowance of a set-off for the reasons that the members are under a contract liability to contribute to the payment of losses, and, unlike depositors in a savings bank, cannot escape with the loss of what they have already paid. Their position is quite like that of stockholders of a corporation whose stock is not fully paid. As to stockholders, it is well settled that there is no right of set-off in such cases. *Ex parte Grissell, L. R.,* 1 *Ch.* 528; 35 *L. J. Eq.* 752; *Sawyer* v. *Hoag,* 17 *Wall.* 610; *Williams* v. *Traphagen,* 11 *Stew. Eq.* 57.

It is urged, however, that the present plaintiff is a foreign receiver and the defendant a New Jersey corporation. We are unable to see why these facts should be allowed to give the New Jersey creditor an advantage over other creditors. We do not allow a foreign receiver to exercise his powers in

our jurisdiction to the disadvantage of creditors resident here, but subject to this restraint comity requires that he should be acknowledged and aided. *Hurd* v. *Elizabeth, 12 Vroom* 1.

Where it is necessary our courts will appoint an ancillary receiver, but the assets will be so administered that creditors in this state and in the foreign jurisdiction shall fare alike. *Irwin* v. *Granite State Provident Association, 11 Dick. Ch. Rep.* 244.

Such equality of treatment cannot be secured in this case if the set-off is allowed.

The motion to strike out is granted, with costs.