JACOB L. NEWMAN, RECEIVER OF UNION INDEMNITY COMPANY, RESPONDENT, v. VIETMEYER BROTHERS, INCORPORATED, APPELLANT.

Submitted January 26, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Platoff, Saperstein & Platoff* (*Clement Rosen*, of counsel).

For the respondent, *Charles Young.*

PER CURIAM.

The plaintiff below as receiver for the Union Indemnity Company sued to recover for premiums due by the defendant to the company prior to its insolvency, and the defendant filed a set-off for claims due it for losses sustained during the terms of the several policies on which the premiums were due and antedating the insolvency of the Indemnity Company. The learned trial judge, to whom the case was submitted for determination without a jury, deeming that the claims could not properly be set off, refused to allow them and gave judgment for the plaintiff for the premiums.

We think this was error. The relations between the parties had been that of insurer and insured on a workmens' compensation policy and on a public liability policy. The claims of the defendant were for moneys paid out for losses covered by these policies.

Section 66 of the Corporation act (2 *Comp. Stat., p.* 1643) authorizes appointment of receivers in such cases as the present with full power and authority to demand and sue for moneys due the corporation, to compound and settle with any debtor or creditor, "and in case of mutual dealings between the corporation and any person, to allow just set-offs in favor of such person in all cases in which the same ought to be allowed according to law and equity."

The statute in substance is an old one, and this section has been construed a number of times by the courts. In *Receiver* v. *Paterson Gas Light Co.,* 23 *N. J. L.* 283, a debtor of an insolvent bank was permitted to set-off against his indebtedness to the receivers a deposit in the bank, and bills of the bank *bona fide* received by him before the failure, and it was held that claims that are just and equitable, though not strictly legal, were proper matters of set-off, and that the debtor to an insolvent corporation has the same equitable right of set-off against a claim of receivers that he had against the corporation at the time of its insolvency. In the Court of Errors and Appeals the bankruptcy character of the legislation, in which set-offs such as here presented are allowable, has been repeatedly recognized. *Butler* v.

*Commonwealth Tobacco Co.,* 74 *N. J. Eq.* 423; 70 *Atl. Rep.* 319. In the Court of Chancery, Vice-Chancellor Stevens held that the bankruptcy rule applied and that a bank could set-off against an insolvent receiver notes held by it, even though all the notes were not then due. *Shields* v. *John Shields Construction Co.,* 83 *N. J. Eq.* 21; 89 *Atl. Rep.* 1022. The right of set-off is recognized in the recent case of *Singac Trust Co.* v. *Totowa Lumber Co.,* 112 *N. J. L.* 99; 169 *Atl. Rep.* 673, the court declaring that the right of set-off against an insolvent bank is governed by the facts existing at the time the bank is adjudged insolvent, and not by conditions created thereafter.

Counsel for the respondent cites the cases of *Stone* v. *N. J. & H. R. Ry., &c., Co.,* 75 *N. J. L.* 172; 66 *Atl. Rep.* 1072, and *More* v. *Richards,* 90 *N. J. L.* 626; 101 *Atl. Rep.* 380, but neither is applicable here. The former was an action by the receiver of a mutual insurance company (of which defendant was a member) for premiums, and it was held that losses could not be set off inasmuch as the claims were not based on mutual dealings as debtor and creditor within the contemplation of the statute, defendant's status being that of a partner in the insolvent corporation as well as that of a creditor. In the latter case the claim was rejected because unliquidated.

In the present case the defendant's claims are not in dispute. The stipulation expressly admits them; they were for losses which the appellant had paid and which the company was bound to reimburse. If the insurance company had sued the answer was complete. The receiver stands in its shoes and the answer is here likewise complete.

By the stipulation filed in the case the set-off should have been allowed, and inasmuch as the claim of the defendant exceeds that of the plaintiff and the facts not being in dispute, judgment will be directed by this court to be entered in favor of the defendant on the plaintiff's claim, and for the sum of $36.62 in favor of the defendant on the claim of set-off as required by the fourth section of the "Act Concerning Set-off." 4 *Comp. Stat., p.* 4837.