JOHN SHIELDS et al.

*v.*

JOHN SHIELDS CONSTRUCTION COMPANY.

[Decided February 16th, 1914.]

The insolvent corporation borrowed money from a bank on two notes, one of which matured the day after it was adjudged insolvent and the other subsequently. The insolvent's balance on deposit was set off by the bank against the notes, and the bank proved its claim for the balance due. Corporation act (*2 Comp. Stat. 1910 p. 1643 § 66*) directs the receiver, in case of mutual dealings between a corporation and any person, to allow just set-offs in all cases in which the same ought to be allowed according to law.—*Held*, that, as the act is essentially a bankrupt act, and its provisions ought to be construed accordingly, the bank was entitled to set off the balance due the insolvent corporation and prove for the remainder of the debts, even though one of the notes was not then due. *McManus-Kelly Co.* v. *Pope Manufacturing Co., 70 Atl. Rep. 297,* disapproved.

---

*Mr. Conover English,* for the Metropolitan Bank.

*Mr. Chauncey G. Parker,* for the receiver.

STEVENS, V. C.

In the settlement of the affairs of the defendant, an insolvent corporation, a question has arisen growing out of the following facts:

On September 30th, 1905, the construction company applied to the Metropolitan Bank for a loan of $5,000. This loan was granted and the company gave its note of that date payable three months thereafter. At the time of the application, its president, John Shields, made a statement signed on behalf of the company containing, among other things, the following stipulation:

"In consideration of granting any credit by said bank, the undersigned agree that in case of failure or insolvency on the part of the undersigned, * * * all or any of the claims or demands against the undersigned, held by said bank, shall at the option thereof, immediately become due and payable."

On October 16th the company applied for and obtained a further loan of $20,000, evidenced by a four months note. The proceeds of both notes were credited to its account with the bank and it made, in addition, two deposits, one on October 5th, of $7,200 and the other on November 17th of $5,604.08.

On December 29th, 1905, the company was adjudged insolvent and a temporary receiver appointed. On January 2d, 1906, the bank, having received notice of the adjudication, set off against the notes, one of which had matured on December 30th, the balance of $2,422.50, then on deposit, and thereafter proved its claim for the balance due. The question is, had it a right to make the set-off and then to prove for the difference. The contention of the receiver is that he is entitled to the balance on deposit; and that the bank is entitled only to such dividends on the whole sum due on the notes as might be payable out of the assets.

The question, as I view it, must be resolved by reference to the provisions of our Corporation act. Section 66 directs the receiver

"in the case of mutual dealings between the corporation and any person to allow just set-offs in favor of such person in all cases in which the same ought to be allowed according to law or equity."

Speaking of this provision, Judge Elmer, in *Receivers v. Paterson Gas Light Co., 23 N. J. Law* (on *p. 299*), says: "I cannot doubt that it was the intention of the legislature to give a right of set-off in the case of insolvent corporations at least to the same

extent that it had been previously done between individual debtors. Indeed' there is much reason to believe that it was intended to go farther, and although it is not necessary now to decide that point, I should be disposed to hold, that if the defendants had been, at the time the bank failed, the *bona fide* holder of its obligation, *not yet due when this suit was commenced,* they would have been entitled to set it off against their liability on the bill declared on. According to the legal meaning of the expression, these parties would have been mutual dealers, previous to the failure and to the action brought, although they would not have been mutually indebted, and no set-off could have been allowed under the statute of set-off. That statute requires the parties not only to have been mutual dealers but to be 'indebted to each other,' whereas the section requiring receivers of insolvent incorporations to allow just set-offs omits words implying mutual indebtedness, and gives the set-off to all who hold the relation of mutual dealers. The English statutes of bankruptcy allow the set-off where there have been 'mutual credits given,' a phrase which seems to have the same meaning as 'mutual dealing,' for in legal effect, where there has been 'mutual credit' there has been 'mutual dealing.' Under those statutes it is well settled that debts not due may be set off against the assignees, as well as those that are."

In the case from which this extract is taken it was the defendant's obligation that had not matured at the time the receiver was appointed, whereas here it was the insolvent company's. A distinction has been taken, under the statute allowing set-offs, between the case of a note or other obligation due *to* the debtor claiming the right of set-off and a note due *by* him. In the latter case, it has been held that he may elect to treat his own debt as presently due and so become entitled to the set-off, while in the former, it is said, that as he cannot accelerate the maturity of the debt due *to* him, he cannot claim the right. *Fera* v. *Wickham, 135 N. Y. 223.* But the statute allowing set-off in general, as Judge Elmer points out in the above-quoted passage, mentions only "debts or demands which may be due and owing." The language of the Corporation act is broader.

The court of errors and appeals has very recently, in the case

24        CASES IN CHANCERY, 1914.

Shields v. John Shields Const. Co.        83 N. J. Eq.

of *Butler* v. *Commonwealth Tobacco Co., 74 N. J. Eq. 423,* held that our statute, in so far as it deals with insolvent corporations, is essentially a bankrupt act and that its provisions should be construed accordingly. The Bankrupt act (section 68) provides that

"in all cases of mutual debts *or mutual credits* between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other and the balance only shall be allowed or paid."

The act not only uses the expression "mutual debts" but the broader phrase, "mutual credits." The expression in our Corporation act, "mutual dealings" is, as Judge Elmer points out, broad enough to include them both. It is well settled that in bankruptcy proceedings debts not yet due are the subject of set-off. A late case, in which the law and the reasons for it are clearly stated is *Matter of Philip Semmer Glass Co., 11 Amer. B. R. 665.* A still later case is *Frank* v. *Mercantile Nat. Bank, 182 N. Y. 264,* in which Chief-Justice Cullen holds the same way. He says: "If the defendant's rights depended on the equitable rule of set-off as it obtains in this state, it is clear that the notes held by it (the company) which had not matured at the time of the transfer of the title from the bankrupt to his assignee could not be set off against the plaintiff's claim." But, he adds, the defendant's claim is not based upon the rule in equity but on the provisions of the bankrupt law. As to that he says the uniform current of authority in the district and circuit courts of the United States and, he thinks, in the supreme court, is to the effect that as unmatured claims are provable against the bankrupt's estate, they are necessarily the subject of set-off under the provisions of section 68 of the Bankrupt act. Not only does our act respecting insolvent corporations say that set-off is allowable where the dealings are mutual but, like the Bankrupt act, in section 86, it declares that "the creditors shall be entitled to distribution on debts not due, making in such case a rebate of interest when interest is not accruing on the same." For the purpose of the winding up proceedings this section matures the debt at the time of the receiver's appointment. As soon as he is appointed claims become provable. As our act

has been held by the court of errors and appeals to be a bank-ruptcy act and as it contains provisions certainly as broad as the Federal Bankruptcy act, there is every reason why the decisions of the federal courts should be followed. Uniformity in this regard is as desirable as it is in other cases where the state and federal courts exercise a concurrent or at least a very similar jurisdiction.

*McManus-Kelly Co.* v. *Pope Manufacturing Co., 70 Atl. Rep. 297,* is relied upon in opposition to the view here expressed. At the time the opinion in that case was written the *Butler Case* had not been reported. Neither it nor the provisions of the Corpo-ration act are referred to. The case was regarded as one of equi-table set-off and, so considered, was undoubtedly decided in ac-cordance with the authorities. But to follow the case now, would, I think, be to run counter to the principle laid down by the court of errors and appeals. The case must be decided by the statutory rule applicable to insolvent companies and not by the ordinary rule of equitable set-off.

There is force in the view that the mutual dealings between the Shields company and the bank were so tied together by the agreement entered into when the first note was discounted, that even under the *Pope Case,* insolvency having supervened, the one claim may be set off against the other, but the other ground is conclusive.