ANGELA D. REGAN, complainant,

*v.*

METROPOLITAN HAULAGE COMPANY, INC., a corporation, defendant.

[Decided July 2d, 1940.]

*Mr. Morris M. Ravin,* for the receivers of defendant.

*Mr. William F. Smith (Mr. Charles A. Stanziale),* for the United States of America.

*Messrs. Robinson & Morris,* for Thomas J. Lane and Jenson & Mitchell, garage lien creditors.

*Mr. Richard M. Glassner,* for the Autocar Sales & Service Company, garage lien creditor.

*Mr. Herman H. Singer,* for Dave Stern, Inc., garage lien creditor.

EGAN, V. C.

There were filed with the receivers of the defendant corporation proofs of garage liens by several creditors. These lien claims total $3,940.70. A bulk bid for the assets of the defendant corporation was offered to the receivers. By leave of the court it was accepted. The bid did not specify the amount for which each motor vehicle owned by the defendant company was sold. The garage lien claimants agreed to accept $75 for each vehicle, or a total of $2,175.

The United States presented to the receivers a claim for social security taxes amounting to $1,336.08. The government says its claim has priority over the garage lien claimants.

In the case of *Shields* v. *John Shields Construction Co., 83 N. J. Eq. 21; 89 Atl. Rep. 1022,* the court, in part, said:

"The Court of Errors and Appeals has very recently, in the case of *Butler* v. *Commonwealth Tobacco Co., 74 N. J. Eq. 423,* held that our statute, in so far as it deals with insolvent corporations, is essentially a bankrupt act and that its provisions should be construed accordingly. * * *

"As our act has been held by the Court of Errors and Appeals to be a bankruptcy act and as it contains provisions certainly as broad as the Federal Bankruptcy act, there is every reason why the decisions of the federal courts should be followed. Uniformity in this regard is as desirable as it is in other cases where the state and federal courts exercise a concurrent or at least a very similar jurisdiction."

See, also, *Nutz* v. *Murray-Nutz, Inc., 109 N. J. Eq. 95; 156 Atl. Rep. 668.*

Garage lien creditors under *R. S. 2:60-21* have specific liens. It provides:

"A garage keeper who shall store, maintain, keep or repair a motor vehicle or furnish gasoline, accessories or other supplies therefor, at the request or with the consent of the owner or his representative, shall have a lien upon the motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or other supplies therefor, and may, without process of law, detain the same at any time it is lawfully in his possession until the sum is paid.

"The lien shall not be superior to, nor affect a lien, title or interest of a person held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded."

*R. S. 2:60-22* provides:

"A garage keeper acquiring a lien by virtue of section 2:60-21 of this title shall not lose the same by reason of allowing the motor vehicle or part thereof to be removed from his control, and if so removed, he may, after demand of payment of claim either personally or by registered mail if the owner's address is known, and without further process of law, seize without force and in a peaceable manner the motor vehicle or part thereof, wherever found in this state."

A garage lien is a product of legislative enactment. It not alone arises from work performed but it extends to storage claims and materials furnished. To acquire a lien the claimant is not necessarily required to have possession of the motor vehicle. The lien is specific. It is subject, and inferior, to prior recorded conditional bills of sale or chattel mortgages. The lien is effective immediately for storage, work done, or for materials supplied on the vehicle. The garage lienor is not required to reduce his claim to judgment, have execution issued and levy made, in order to perfect and establish the standing of his lien. The acts quoted above effect that result; they leave no doubt as to the garage keeper's rights.

The government takes the position that a garage lien is analogous to a judgment of record; and that a judgment of record is a lien which gives no proprietary interest in the property until the judgment creditor perfects his lien by levy and execution thereon. Its analogy is not correct. A garage lien is created, and its priority established by virtue of the

statute aforesaid, and is effective immediately when materials are furnished or services are rendered; while the lien of a judgment upon personal property is not perfected until a levy is made under a writ of execution issued in the cause. *R. S. 2:26-90;* cf. *2:27-252.*

The government argues that it is entitled to priority by virtue of *31 U. S. C. A.* § *191* (*R. S.* § *3466*). That statute provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate ·of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to. pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Counsel for the garage keepers concede that the government under the above statute, and also under section 64 of the Bankruptcy act, is entitled to priority of payment out of the estate of the insolvent bankrupt before any dividends can be paid to creditors. But they also assert that: (1) the assets of the insolvent bankrupt covered by their specific liens, are not·part of the estate; (2) the lienor is entitled to the property covered by his lien unless the amount of his lien is paid; (3) claims entitled to priority of payment do not outrank claims secured by valid liens; and (4) the right of priority applies only to general assets of the estate, and is a right of priority as against general creditors. *In re City Trust Co., 121 Fed. Rep. 706; In re Yoke Vitrified Brick Co., 130 Fed. Rep. 235; In re Proudfoot, 173 Fed. Rep. 733; In re Cramond, 145 Fed. Rep. 966; In re Hosmer, 233 Fed. Rep. 318; Lott* v. *Salisbury, 237 Fed. Rep. 191.*

I am satisfied that the garage keepers' contention is correct. *31 U. S. C. A.* § *191,* as well as section 64 of the Bankruptcy act, states the rules for paying money from the estate, after dealing with specific liens. The priorities are created to favor certain unsecured debts. A creditor having a valid, specific

lien does not come under the operation of the section as to priorities. His lien must first be satisfied and then the other, or remaining claims are paid according to priorities. *City of Richmond* v. *Bird, 249 U. S. 174; 39 S. Ct. 186; 63 L. Ed. 543; 43 Am. B. R. 260; City of Tampa* v. *Commercial Co., 54 Fed. Rep. (2d) 195.*

Taxes due the government are made priorities under section 64 of the Bankruptcy act; but specific liens must be paid before priorities. *2 Collier on Bankruptcy 1437; Moore's Bankruptcy (1939) 189.*

In *United States* v. *Sweeney, 80 Fed. Rep. (2d) 235,* the the court said:

"Taxes due the government are of course entitled to priority of payment in the administration of the estate of a bankrupt, but the priority which the Bankruptcy act created is in the assets of the bankrupts' estate, and *it does not give priority over valid liens."* (Italics mine.)

The government's contention that under section 3186 (a) of the Revised Statutes *(26 U. S. C. A. Int. Rev. Code, secs. 3670, 3671)* its claim is a lien on all property and rights of a debtor, as soon as the assessment list is received by the collector and continues until the liability is satisfied, is correct; but such lien is a general lien upon the estate of the insolvent bankrupt. It does not attach to any specific property covered by a valid specific lien until after the specific lien is first satisfied. See *Ferris* v. *Chic-Mint Gum Co., 124 Atl. Rep. 577; In re Wyley, 292 Fed. Rep. 900; Sherwood* v. *United States, 5 Fed. Rep. (2d) 99; In re Caswell Construction Co., 13 Fed. Rep. (2d) 667.* The lien of the government is applied and restricted in accordance with the Bankruptcy act, section 67.

I believe that the priority of the government claim is limited to priority in payment over general creditors and that it does not affect the lien of garage lien claimants. I shall advise an order to this effect.