**SAMPSELL v. STRAUB et al.**

No. 12676.

United States Court of Appeals Ninth Circuit.

Dec. 27, 1951.

Writ of Certiorari Denied April 21, 1952.

See 72 S.Ct. 761.

Craig, Weller & Laugharn, Thomas S. Tobin, Los Angeles, Cal., for appellant.

Grainger, Carver & Grainger, Los Angeles, Cal., for appellee.

Shapro & Rothschild, San Francisco, Cal., amicus curiae.

Before ORR, POPE and HASTIE,* Circuit Judges.

HASTIE, Circuit Judge.

On first hearing of this appeal, 189 F.2d 379, we concluded that the bankrupts, Curtiss Straub and his wife Miriam, were entitled to have their California residence set aside from the bankrupt estate as exempt homestead property although their declaration of homestead had not been recorded as required to become effective under California law until after bankruptcy adjudication. Recognizing that Section 70, sub. c of the Bankruptcy Act[1] arms the trustee "as to all property of the bankrupt at the date of bankruptcy * * *" with "all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings", we were not persuaded that under California law there is any such creditor as Section 70, sub. c describes whose lien would prevail over a subsequent recordation of a homestead claim. In this connection it was urged that the lien which California law gives a judgment creditor who voluntarily records an

---

* Third Circuit, sitting by special designation. ·

1. 36 Stat. 840, 1910, as amended, 11 U.S. C. § 110, sub. c (1946 ed.).

abstract of a judgment does prevail over a subsequently recorded homestead claim. The parties agree that such is the law of California. Schuler-Knox Co. v. Smith, 1943, 62 Cal.App.2d 86, 144 P.2d 47. But we were not persuaded that a lien obtained in this manner is "a lien by legal or equitable proceedings" within the meaning of Section 70, sub. c. It is this question of the proper characterization of the lien obtained in California by recording a judgment which we now re-examine.

■ In the analysis which led to our earlier conclusion concerning the nature of this lien we stressed the distinct and voluntary character of the act of the judgment creditor in recording the abstract of his judgment and the necessity for such voluntary and distinct action to change his status from that of general creditor to that of lienor. Also, we were influenced by the view of the California courts, expressed in a context other than bankruptcy, that the recordation of an abstract of judgment should be distinguished from "judicial proceedings" under California law. Coley v. Hecker, 1928, 206 Cal. 22, 272 P. 1045; Gudger v. Manton, 1943, 21 Cal.2d 537, 545, 134 P.2d 217, 222. Of course the views of the California courts, however respected, cannot have the force of law in determining our decision as to the proper construction of language used by Congress in the Bankruptcy Act, but they are suggestive.

■ On the other hand, the lien obtained by recording an abstract of judgment is described as a judgment lien. The Califor-nia statute provides that a "judgment or decree becomes a lien" upon the filing of the abstract. Code of Civil Procedure, § 674. And while recordation is an independent step in the sense of being something voluntary beyond the entry of judgment, it is incidental to the judicial proceeding in the sense of a device to give a judgment particular additional effect. The judgment is the basic and fundamental source of rights whether generally before recordation or by way of lien after recordation.

■ If these possibilities of rational analysis pro and con were all we would not be disposed to disturb our decision; for analysis of the words of Section 70, sub. c alone does not make the issue clear either way. But, with the issue thus doubtful, another consideration, not urged at first argument, should be weighed. Section 70, sub. c is not the only section of the Bankruptcy Act which mentions liens by legal or equitable proceedings. Identical or equivalent language appears in several sections of the Act, among them, Section 3, sub. a (3) and Section 67, sub. a.[2] If there are reasons which require a certain construction of a phrase in one part of a statute, it is desirable, and presumably in accord with the intention of Congress that a similar construction be given that phrase elsewhere in the statute unless the context shows affirmatively that a different construction was intended.[3]

The context of Sections 3, sub. a (3) and 67, sub. a rather clearly indicates that the California judgment lien should be regard-

**2.** "§ 3. Acts of bankruptcy a. Acts of bankruptcy by a person shall consist of his having * * * (3) suffered or permitted, while insolvent, any creditor to obtain a lien upon any of his property *through legal proceedings* and not having vacated or discharged such lien within thirty days from the date thereof or at least five days before the date set for any sale or other disposition of such property; * * *." 30 Stat. 546 (1898), as amended, 11 U.S.C. § 21 (1946 ed.).

"§ 67. Liens and fraudulent transfers a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other *legal or equitable process or proceedings* within four months before the filing of a petition in bankruptcy or of an original petition under chapter, X, XI, XII, or XIII of this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this Act * * *." 30 Stat. 564 (1898), as amended, 11 U.S.C. § 107 (1946 ed.).

**3.** For situations in which such differing constructions are affirmatively indicated, see Rutledge, J., concurring in National Mutual Life Ins. Co. v. Tidewater, 1949, 337 U.S. 582, 604, 69 S.Ct. 1173, 93 L. Ed. 1556.

ed as a lien obtained by "legal proceedings" within the meaning of these sections. The two sections are complementary. Section 3, sub. a(3) makes it an act of bankruptcy for an insolvent person to permit any creditor "to obtain a lien upon any of his property through legal proceedings" and not discharge the lien within thirty days. Concomitantly, any such lien obtained within four months before bankruptcy is made voidable by Section 67, sub. a. Both sections are designed to prevent creditors of the bankrupt who obtained no preferred status in the normal course of the business transactions out of which their claims arose from later impressing the property of the insolvent debtor with liens obtained through diligent resort to legal proceedings. Their purpose is thus to implement a fundamental policy of maintenance of equality among general creditors after insolvency. That policy would be as much violated if the general creditor should become a lienor by getting a judgment and recording it as it would be if he should achieve similar preferential status by the obtaining of a judgment alone. The cases seem to accept this as clear beyond need for elaboration. In re Jackson Light & Traction Co., 5 Cir., 1920, 269 F. 223; Jefferson Transfer Co. v. Hull, 1918, 166 Wis. 438, 166 N.W. 1; Thomas v. Louisiana Oil Refining Co., La. App., 1938, 179 So. 483. We think, therefore, that the only reasonable construction of the questioned phrase in these two sections is that which includes a California judgment lien among liens obtained by "legal proceedings", even though voluntary recordation is the essential final step in its creation.

■ Section 70, sub. c on the other hand is employed primarily to protect general creditors of the bankrupt against secret liens. To this end the trustee is given all the rights which a creditor with a lien by legal or equitable proceedings would enjoy. The trustee unquestionably enjoys the rights of a creditor who has levied attachment or execution on the bankrupt's property. More often than not it is such status which the trustee claims. This is because secret liens normally do not prevail over the lien of attachment or execution. But the California lien of a judgment creditor who has recorded his judgment also prevails over secret liens, although it may have additional effect with reference to the debtor's homestead claim. Therefore, the assertion of this status of California judgment lienor by the trustee would be consistent with, though not essential to the primary objective of Section 70, sub. c. In brief, the policy of Section 70, sub. c permits the inclusive conception of liens by legal proceedings which the policy of Sections 3, sub. a(3) and 67, sub. a requires.

■ Beyond this, at least one anomalous consequence would follow an interpretation of Section 67, sub. a to include the California judgment lien and Section 70, sub. c to exclude it. If a judgment creditor actually recorded his abstract of judgment within four months of the debtor's bankruptcy, his lien, though voidable under Section 67, sub. a, could be preserved and asserted by the trustee for the benefit of all creditors as a claim superior to the debtor's subsequently recorded homestead exemption. Cf. Hemsell v. Rabb, 5 Cir., 1929, 29 F.2d 914, reversing D.C.Tex.1927, 21 F.2d 254; In re Porter, D.C.Fla.1933, 3 F.Supp. 582; See 4 Collier on Bankruptcy §§ 67.15, 67.16 (1942). On the other hand, if no such lien actually existed, or if it had been obtained more than four months before bankruptcy, the trustee, armed with the rights of a hypothetical creditor under 70, sub. c, would have no such power to override a tardily recorded homestead exemption. To this extent, therefore, the trustee's powers under 70, sub. c, measured by what a creditor might have done, but for the intervention of bankruptcy, would be less than his powers measured by what some creditor actually had done. This seems clearly contrary to the intendment of Section 70, sub. c. For, whether its impact in a particular case is upon secret liens or upon some other impediment to the distribution of the property of the debtor. Section 70, sub. c embodies a comprehensive conception of according the trustee such status as a diligent general creditor might have achieved but for the intervention of bankruptcy.

In these circumstances, we think the argument for consistency in the construction of equivalent phrases appearing at different places in the Bankruptcy Act has real force. That argument, considered with the others mentioned earlier in this opinion, leads us to the conclusion that we should abandon the view to which we were persuaded on first argument and hold that the California judgment lien, though perfected only by voluntary recordation, is a lien by legal or equitable proceedings within the meaning of Section 70, sub. c.

Accordingly, we now vacate our order affirming the judgment of the district court and reverse that judgment.