The **HOME INSURANCE COMPANY** and the **Northern Insurance Company of New York, Plaintiffs,**

v.

**GIGI FASHIONS, INC., et al., Defendants.**

**Civ. A. No. 984-66.**

United States District Court D. New Jersey.

May 16, 1967.

Feuerstein & Sachs, Newark, N. J., for plaintiffs.

Norman Mesnikoff, Asbury Park, N. J., pro se as receiver in aid of execution of Gigi Fashions, Inc., and for defendant, Andrew K. Knox & Co.

Patterson, Cooper & Coleman, Asbury Park, N. J., for Lofties Knitting Mills, Inc., by Samuel Patterson, Asbury Park, N. J.

Novogrod, Sugarman & Introcaso, Asbury Park, N. J., for Therese Ahrens, Inc., Touraine Flowers, Inc., Paradise Sportwear Ltd., Tobi Corp., Lady Pearl Sportswear, Paul Modes, Inc., Mel Bodarke & Co., Mr. Jed, Inc. and Heiser, Inc., by Louis P. Introcaso, Asbury Park, N. J.

Tumen & Tumen, Asbury Park, N. J., for Gigi Fashions, Inc. and Alvin Yale Milberg, trustee in bankruptcy, by Harry Tumen, Asbury Park, N. J.

Lum, Biunno & Tompkins, Newark, N. J., pro se and for Richard R. Stout, by Theodore Abeles, Newark, N. J.

Tepper & Goldberg, Long Branch, N. J., for Ben Farber Corp., Jayne Roberts, Inc., Cyn Les Sportswear, Inc., Adolph Englander, dba Savoy Garment Co., Irving Heller and Ben L. Gold, Allen J. Gold and Richard S. Gold, partners, t/a Nardis of Dallas, by Solomon Tepper, Long Branch, N. J.

Parsons, Canzona, Blair & Warren, Red Bank, N. J., for Joseph L. Muscarelle, Inc., by William Bassler, Red Bank, N. J.

Peter J. Edwardsen, Eatontown, N. J., for Flobert Co.

Harold Feinberg, Point Pleasant Beach, N. J., for Tyrolean Handbag Co.

## OPINION ON MOTIONS OF DEFENDANT LIEN CLAIMANTS

WORTENDYKE, District Judge.

Jurisdiction of this interpelader action is properly predicated upon 28 U.S.C. §§ 1332 and 1335. The plaintiffs, hereinafter insurers, have deposited in

the Registry of this Court sums aggregating $32,000, which amount was paid by the insurers in settlement of an action brought in the Superior Court of New Jersey, Law Division, in behalf of Gigi Fashions, Inc. to recover damages representing loss sustained as a result of fire which occurred on February 26, 1963 involving property of the insured. The fund on deposit is made up of contributions to the settlement of that litigation by the Home Insurance Company (Home) in the sum of $19,310.33 and by the Northern Insurance Company of New York (Northern) in the sum of $12,689.67.

The following facts are not in dispute. On March 2, 1963 the insured entered into an Agreement with Andrew K. Knox & Company, public insurance adjusters, by the provisions of which insured retained Knox to adjust the insured's loss with its fire insurers and assigned to Knox, as compensation for its services, 10% of the amount which Knox might secure from the insurers in satisfaction of the insured's claims under its policies. As a result of Knox's efforts, a settlement offer of $29,990 was obtained from the insurers by the adjuster; but this offer was rejected by the insured. Sometime thereafter the insured retained Lum, Biunno & Tompkins and Richard R. Stout, attorneys at law of New Jersey, to institute and prosecute an action to recover for the insured's damages under the provisions of the fire insurance policies. In retaining these attorneys to institute that action the insured entered into a Contingent Fee Agreement with the attorneys which provided that their fee for services in connection with the action should be computed at 33⅓% of any amount which they might recover for the insured by way of judgment in or settlement of the litigation. The attorneys accordingly instituted such an action in the Law Division of the New Jersey Superior Court on July 24, 1964, and on May 18, 1965 effected a settlement thereof for the sum of $32,000, which was deposited with the Clerk of

this Court at or prior to the time of the commencement of the present (interpleader) action.

Various creditors of the insured recovered judgments against the insured in courts of New Jersey and caused execution to be levied upon the insured's right, title and interest in the fire insurance policies, and in the insured's cause of action against the insurers for recovery thereon. Norman Mesnikoff, Esq., was appointed Receiver (of the insured) In Aid Of Execution under N.J.S.A. 2A:17–66. Each of these judgment creditors has been named as a defendant in this interpleader action and, together with the Receiver In Aid Of Execution, the attorneys for the insured in the State Court litigation, and Knox, have filed claims herein. On April 6, 1966 defendant-claimant, Alvin Yale Milberg qualified as Trustee in Bankruptcy of the insured. He had previously qualified as Receiver of the insured in an insolvency proceeding in the New Jersey Superior Court, Chancery Division.

By appropriate motion the claimant-defendants seek this Court's determination of the order of priority of their respective claims against the fund on deposit in the Registry of this Court.

## CLAIM OF ATTORNEYS

These attorneys claim the sum of $10,666.67 as representing one-third of the sum of $32,000 paid in settlement of the litigation which they concededly instituted and prosecuted in the New Jersey Superior Court in accordance with the terms of their retainer agreement with the insured. They claim an attorneys' lien under the provisions of N.J.S.A. 2A:13–5 and also at common law.

The statute relied upon provides in pertinent part as follows:

"2A:13–5 Lien For Services

After the filing of a complaint * * * the attorney or counsellor at law, who shall appear in the cause for the party instituting the action * * *, shall have a lien for com-

pensation, upon his client's action, * * * which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor a law, may determine and enforce the lien."

Respecting attorneys' liens, it is stated, Visconti v. M. E. M. Machinery Corp., 7 N.J.Super. 271, 274–275, 73 A.2d 74, 75 (App.Div.1950), that * * *

"At common law, an attorney has two liens: one general, the other special. His general lien is his right to retain possession of documents and other property of his client until he is paid whatever is due him for professional services. His special or charging lien arises only when judgment in favor of his client is entered; the lien is a charge against the judgment for services in that particular suit or cause of action. * * * The attorney is also protected in our State by a statute which grants a lien in his favor."

That statute, in its present form, is that relied upon by the attorneys in this case, and therefore affords the sole basis, if any, for the lien claimed.

At the time the insured retained the attorneys to institute an action against the insurers, there was as yet no specific fund to which any claim under the Contingent Fee Agreement could attach as a lien. The insurance adjuster had obtained a settlement offer of $29,990 from the insurers, but the insured had rejected it. The insured's retention of counsel was subsequent to this rejection. The amount secured in settlement

of the litigation through the efforts of counsel on May 18, 1965 was only greater by $2010 than that which had been offered and rejected. The action in the State court upon the insolvency of the insured was commenced in October or November 1965. It was followed by the adjudication of the insured in bankruptcy in this Court. The insured's Trustee in Bankruptcy qualified April 6, 1966.

■ The claimed priority of Knox, the adjuster, to the extent of $3200 is conceded by the attorneys, the Trustee in Bankruptcy and the Receiver In Aid Of Execution of Gigi Fashions, Inc. Knox claims, as assignee, 10% of the proceeds of the fire insurance policies. The insured derived choses in action against the insurers under the fire insurance contracts embodied in their respective policies when the fire occurred on February 26, 1963. Such choses in action then became subject to the partial assignment made by the insured to the adjuster on March 2, 1963. See Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 183, 44 S.Ct. 266, 68 L.Ed. 628 (1924); Metropolitan Life Ins. Co. v. Woolf, 138 N.J.Eq. 450, 47 A.2d 340 (E. & A. 1946).

■ The recommended procedure for the determination and enforcement of an attorney's lien, set forth in H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 353–354, 148 A.2d 837, 840 (App.Div.1959), is appropriate for the attorneys' lien claim in the case at bar because of the Contingent Fee Agreement which admittedly controls the amount of their lien. Accordingly they are entitled to be paid the sum of $10,-666.67 out of the funds remaining on deposit in the Registry of this Court after the prior payment of $3,200 to Andrew K. Knox & Company in accordance with the agreement entered into by the insured with the adjuster. The deduction of the aggregate of these two payments from the fund on deposit will

leave available for distribution among the remaining claimants the sum of $17,-775.69.[1] That amount should be distributed as follows:

| Claimant | Date of Levy | Amount Recoverable |
|---|---|---|
| Joseph L. Muscarelle, Inc. | Mar. 7, 1963 | $4,798.93 |
| Norman Mesnikoff, Receiver In Aid Of Execution pursuant to N.J.S.A. 2A:17-66 | Mar. 8, 1963 | 453.77 |
| Flobert Company, Inc. | Mar. 27, 1963 | 901.27 |
| Mel Bodarke & Co. | Apr. 2, 5, 1963 | 4,248.88 |
| Therese Ahrens, Inc. | Apr. 9, 1963 | 115.59 |
| Touraine Flowers, Inc. | Apr. 9, 1963 | 677.02 |
| Paradise Sportwear, Ltd. | Apr. 9, 1963 | 650.85 |
| Tobi Corporation | Apr. 9, 1963 | 577.98 |
| Lady Pearl Sportswear | Apr. 9, 1963 | 356.10 |
| Paul Modes, Inc. | Apr. 9, 1963 | 470.80 |
| Lofties Knitting Mills, Inc. | May 24, 1963 | 1,540.15 |

The following claims represent levies executed *on the same date*, June 19, 1963. The sum of the following claims is $3801.44 but the amount remaining for distribution is only $2984.35. Therefore, priority as to these claims would ordinarily be determined in accordance with N.J.S.A. 2A:17-10 and 2A:17-11. However, the exact times at which the writs of execution were delivered to the Sheriff have not been submitted. It is necessary, therefore, first to determine what per cent each claim bears to the total sum of $3801.44, and then to apply the respective percentages to the balance of $2984.35 which remains for distribution. Thus may be determined the amount which each of the following claimants may recover out of the balance of $2984.35.[2]

| Claimant | Amount of Lien | Percentage of $3801.44 | Amount Recoverable |
|---|---|---|---|
| Ben Farber Corp. | $1,186.98 | 31% | $ 925.14 |
| Cyn Les Sportswear | 272.95 | 7% | 208.88 |
| Jayne Roberts, Inc. | 976.35 | 26% | 775.84 |
| Adolph Englander, dba Savoy Garment Co. | 1,134.62 | 30% | 895.30 |
| Irving Heller | 230.54 | 6% | 179.19 |
| | ($3,801.44) | (100%) | ($2,984.35) |

An order may be submitted in accordance with the views herein expressed.

1. This sum also reflects a deduction of $357.64 which represents the plaintiffs' counsel fees and costs.

2. Round figures have been used in this computation.