605 F.2d 97
 5 Bankr.Ct.Dec. 778, Bankr. L. Rep. P 67,411
 CA 79-3239 In the Matter of Robert R. BLEASE, Individually
and t/a Stewartsville Animal Hospital and
Stagecoach Saddle Shop.
Appeal of STATE OF NEW JERSEY.
 No. 78-2594.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) on Aug. 9, 1979.
Decided Aug. 23, 1979.
 
 John J. Degnan, Atty. Gen. of N. J., Stephen Skillman, Asst. Atty. Gen., of counsel, Ivan J. Punchatz, Deputy Atty. Gen., on the brief, Trenton, N. J., for appellant.
 Michael G. Busche, trustee pro se, Hamburg, N. J., for appellee.
 Before ALDISERT and WEIS, Circuit Judges, and DIAMOND, District Judge.*
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This appeal requires us to decide whether the district court erred in sustaining a bankruptcy court's determination that liens asserted by the State of New Jersey against a bankrupt's real property were invalid against a Chapter XII trustee in his status as a hypothetical, ideal judicial lien creditor under § 70(c) of the Bankruptcy Act, 11 U.S.C. § 110(c).[1] The state has appealed. We affirm for the reasons stated by the late Chief Judge George Barlow in an unreported opinion. In re Blease, No. B-77-1907 (D.N.J. Sept. 28, 1978).
 
 
 2
 The debtor is a veterinarian, farmer and race horse owner who also dabbled in real estate. He filed Chapter XII proceedings in June 1977. The Federal Land Bank, holder of mortgages on two parcels of land, filed for relief from the automatic stay provisions of Bankruptcy Rule 12-43. The trustee answered and also filed a third-party complaint against all persons claiming an interest in the debtor's real estate. In his third-party complaint, the trustee sought a determination of the validity of all liens and included New Jersey as a named defendant. The state had claimed a lien for unpaid taxes on all real property of the bankrupt as the result of certificates of debt docketed with the clerk of the superior court, but had failed to levy prior to the petition in bankruptcy.
 
 
 3
 The bankruptcy judge accepted the trustee's argument that, although the state was a judgment creditor, the trustee took priority over the state because § 70(c) granted the trustee rights equivalent to those of a judgment creditor who had levied. The bankruptcy judge reasoned that under New Jersey law a judgment creditor with a levy has priority over a non-levying judgment creditor and that the trustee possesses the status of a judgment creditor with a levy. After the bankruptcy judge granted the trustee's motion for summary judgment, the state unsuccessfully appealed to the district court.
 
 
 4
 The docketing of a judgment in the Superior Court of New Jersey creates a lien upon the judgment debtor's real estate from the date the judgment is docketed. N.J.S.A. § 2A:16-1. In re Fornabai, 227 F.Supp. 928, 930 (D.N.J.1964). A writ of execution is the procedural tool for enforcing a judgment; it does not create the lien.[2] Id.; In re Ved Elva, Inc., 260 F.Supp. 978, 982 (D.N.J.1966). This case, however, presents the question of the priority among judgment creditors, each of whom has a lien on the debtor's real estate. The general priority rule in New Jersey is that a junior judgment creditor who levies first takes priority over a senior judgment creditor who has not levied. Burg v. Edmondson, 111 N.J.Super. 82, 267 A.2d 545 (1970); Silver v. Williams, 72 N.J.Super. 564, 567, 178 A.2d 649 (1962); In re Fornabai, 227 F.Supp. at 931-32. The purpose of this rule is to aid the diligent creditor.
 
 
 5
 A levy relates back to the date the writ of execution is delivered to the sheriff. McAdams v. Mundy, 79 N.J.L. 480, 76 A. 1031 (1910); Fredd v. Darnell, 107 N.J.Eq. 249, 252, 152 A. 236 (1930). This rule is based upon a construction of statutes requiring the sheriff to endorse on the writ of execution the date and time of receipt and to execute first the writ first delivered. See N.J.S.A. §§ 2A:17-10, 2A:17-11 and 2A:17-12. See also Home Insurance Co. v. Gigi Fashions, Inc., 267 F.Supp. 958, 962 (D.N.J.1967).
 
 
 6
 The state does not claim a status higher than that of an ordinary judgment creditor. Thus if the dispute were between the state and a subsequent judgment creditor who had actually levied, the state concedes that its lien would not take priority. The state contends, however, that the trustee's § 70(c) position does not give him the status of a judgment creditor with a levy. The bankruptcy judge and the district court refused to accept the state's contention. Chief Judge Barlow reasoned:
 
 
 7
 "(T)he sole question before this Court is whether § 70(c) grants the trustee the rights of a judgment creditor who has both docketed his judgment and levied upon the debtor's real property, as the trustee argues, or whether § 70(c) grants the trustee merely the right of a judgment creditor who has docketed but not levied, as is argued by the appellant.
 
 
 8
 "It has been the past practice of the bankruptcy courts in New Jersey to accord the trustee the rights of a levying judgment creditor under § 70(c). See the unreported decisions of In re Currie, two bankruptcy court decisions, 712 (Bankruptcy Court New Jersey 1976); In re Carnavale, (B-1107-70 1972). This interpretation is designed to enhance the trustee's ability to provide for the equal distribution of assets among the bankrupt's creditors, which is one of the primary purposes of the Bankruptcy Act in general and of § 70 in particular. See Straton v. New, 283 U.S. 318, 320-21 (51 S.Ct. 465, 75 L.Ed. 1060) (1931); 4A Collier on Bankruptcy, P 70.46 at 558 (14th Ed.)."
 
 
 9
 " The trustee under § 70(c) is considered the ideal hypothetical lien creditor as of the date of the filing of the petition in bankruptcy. See Sequoia Machinery, Inc. v. Jarrett, 410 F.2d 1116 (9th Cir. 1969). In fact, some commentators have stated that in adopting § 70(c) Congress implemented the theory that bankruptcy proceedings are in effect a legal levy upon the property of the bankrupt. See Mac Lachan on Bankruptcy at page 187.
 
 
 10
 "Most instructive in the resolution of this issue, however, is the case of Sampsell v. Straub, 194 F.2d 228 (9th Cir. 1951), Cert. denied, 343 U.S. 927 (72 S.Ct. 761, 96 L.Ed. 1338) (1952), a decision written by the late Judge Hastie while sitting by designation in the Ninth Circuit. Sampsell involved a bankrupt who recorded his homestead exemption as required by state law for protection against subsequent judgment lien-holders, but only after his petition in bankruptcy had been filed. State law also required a judgment to be recorded before a lien was created. The Ninth Circuit rejected the bankrupt's argument that § 70(c) gave the trustee only the rights of a judgment creditor who had not recorded his judgment, and held that § 70(c) accorded the trustee the rights of a diligent judgment creditor who had voluntarily docketed his judgment to perfect his lien.
 
 
 11
 "Although the levy question presented here was not squarely at issue in Sampsell, the court stated in dicta:
 
 
 12
 " 'The trustee unquestionably enjoys the rights of a creditor who has levied attachment or execution on a bankrupt's property.' " 194 F.2d at 231.
 
 
 13
 "It would appear that under Sampsell the trustee in New Jersey should enjoy the rights of a diligent New Jersey creditor who has proceeded to levy upon the debtor's property.
 
 
 14
 " This case, coupled with the policy underlying § 70 and the past practice of the bankruptcy courts in this state, leads this Court to conclude that the decision below should be affirmed. Nothing in appellant's brief dissuades the Court from this conclusion, but two of those arguments should be addressed specifically.
 
 
 15
 "First, appellant's contention that allowing the trustee to invalidate the State's perfected lien violates Congress' intent . . . is unfounded. Judge Hill's opinion below briefly sets out the history of § 70 in a way which refutes appellant's contention. . . . ([3]
 
 
 16
 " Furthermore, it is quite clear under New Jersey law that the appellant's lien was not perfected to the fullest extent possible and would not be so perfected until the State proceeded to levy on the debtor's property. Until that time, any junior judgment creditor could obtain priority over the State's lien of being the first to levy. See In re Fornabai, supra.
 
 
 17
 "Secondly, appellant's reliance upon the Supreme Court's decision in Lewis v. Manufacturers National Bank, 364 U.S. 603 (81 S.Ct. 347, 5 L.Ed.2d 323) (1961), as support for the proposition that § 70(c) should not be viewed expansively is misplaced. Lewis merely settles once and for all the question as to when the trustee obtained his status as an ideal, hypothetical lien creditor, holding that the trustee assumed that role as of the date of the filing of the petition in bankruptcy and not at any time before then. That decision prevents the trustee from asserting his § 70(c) status as of some date before the petition was filed, and rendering transactions occurring years before bankruptcy vulnerable to the trustee, even though they would not be vulnerable to any actual judgment creditor as of the date of bankruptcy. The Lewis court thought that to decide otherwise would grant the general creditor of the bankrupt a windfall at the expense of secured creditors solely because of the happenstance of bankruptcy. 364 U.S. at 608-09, (81 S.Ct. 347.)
 
 
 18
 "The events feared by the Lewis court will not occur under this ruling. Under this ruling any judgment creditor knows exactly what steps must be taken to insure priority over subsequent judgment creditors. If these steps are not taken by the time a bankruptcy petition is filed, the judgment creditor is vulnerable to the trustee's § 70(c) powers just as he is vulnerable to a subsequent judgment lienor who first levies on the debtor's property.
 
 
 19
 "In this Court's view, there is no reason to accord the undiligent, non-levying creditor more protection from a bankruptcy trustee than state law gives him from a subsequent judgment creditor."Appendix at 23a-27a.
 
 
 20
 The judgment of the district court will be affirmed.
 
 
 
 *
 Honorable Gustave Diamond, of the United States District Court for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Section 70(c) of the Bankruptcy Act provides in part:
 (c) The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists.
 
 
 [2]
 Execution is not required for creation of a lien only in the case of realty. To secure a lien on personalty, a judgment creditor must levy. E. g., Vineland Savings and Loan Ass'n v. Felmey, 12 N.J.Super. 384, 393, 79 A.2d 714 (1951); Regan v. Metropolitan Haulage Co., 127 N.J.Eq. 487, 490, 14 A.2d 257 (1940)
 
 
 [3]
 " Bankruptcy Judge Richard W. Hill explained:
 The history of § 70(c), both in the Congress and in the Courts, also suggests that it would be the height of literalism not to give the trustee the status of a levying creditor. . . .
 In the original 1910 enactment of § 70(c)'s predecessor the trustee was given two hats. As to property in the Bankruptcy Court's custody the trustee was deemed a creditor holding a lien by legal or equitable proceedings. As to property not in the Court's possession, he was deemed a judgment creditor with an execution returned unsatisfied.
 "The 1950 Amendment changed this. The distinction between property within the possession or control of the Court was eliminated. As to all property, the trustee was given the status of a holder of a lien by the legal or equitable proceedings. There was no suggestion in the legislative history that the purpose of this Amendment was to reduce the trustee's power. United States v. Speers, 382 U.S. 266, 272-73 (86 S.Ct. 411, 15 L.Ed.2d 314) (1965). In fact the Amendment seemed to increase the trustee's powers by eliminating the possession distinction. 4A Collier on Bankruptcy P 70.47 at 570.
 "Problems with the construction of § 70(c) arose after the 1950 and 1952 Amendments. The Internal Revenue Service contended that the holder of a lien by legal or equitable proceedings did not include a judgment creditor. Therefore, it was argued, a trustee held a position subordinate to the unrecorded federal tax lien. The Supreme Court addressed that problem in United States v. Speers, supra. The Court concluded that a judgment creditor was included within the concept of lien by legal or equitable proceedings and that such a lien holder generally had greater rights than a mere judgment creditor.
 "Congress ratified the Speers decision in its 1966 Amendments. It continued the trustee's status as a holder of a lien by legal or equitable proceedings. It specified further that the trustee was a judgment creditor. The trustee was once again treated as the holder of an execution returned unsatisfied. This latter hat, which the trustee clearly wore until 1950, was reestablished in the trustee because in some states such a creditor enjoyed additional equitable rights. Kennedy, The Bankruptcy Amendments of 1966, 1 Ga.L.Rev. 149, 169 (1967).
 "The Speers and Sampsell decisions indicated that the phrase lien by legal or equitable proceedings would not be narrowly or constructively construed. The theoretical underpinning of the entire section was the concept of a legal levy. Significantly Congress concluded that the trustee shall also have the rights of a creditor with an execution returned unsatisfied. It is inconceivable that Congress would accord that latter right if it was not implicitly understood that the trustee's basic position included the hat of a levying creditor.
 "In fact Senate Report No. 1159, discussing the 1966 Amendments to § 70(c) implies that in the following language:
 " 'Section 70(c) expressly confers upon the trustee a variety of legal positions. Related to State and Federal law those positions carry with them a substantial number of rights. To exercise an effective general levy upon the property of the bankrupt, the trustee must be allowed to bring to bear upon each party or transaction whichever of his rights may be necessary.' " 2 U.S.Code Cong. & Admin.News 1966, pp. 2442, 2467, 89th Cong., 2nd Session.
 Appendix at 12a-13a.