**In re William L. STOOPS, Debtor.**

**Bankruptcy No. 94–01688–8P7.**

United States Bankruptcy Court,
M.D. Florida.

June 30, 1998.

Nancy Farage, Tampa, FL, for debtor.

Stephen Meininger, Tampa, FL, trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM NUMBER 71 FILED BY EMMA STOOPS

ALEXANDER L. PASKAY, Chief Judge.

THIS Is a Chapter 7 liquidation case converted from Chapter 11. The matter under consideration is a the Trustee's Objection to Claim Number 71 Filed by Emma Stoops, (Doc. No. 288), the nondebtor former spouse of William L. Stoops ("Debtor"). The Trustee contends that the postpetition Dissolution of Marriage between the Debtor and Emma Stoops ("Mrs. Stoops") and the contemporaneous award of lump sum alimony to Mrs. Stoops did not give rise to a claim by Mrs. Stoops against the bankruptcy estate.

The underlying facts in this matter are not in dispute. The record reveals that the Debtor filed his Petition under Chapter 11 of the Bankruptcy Code on February 22, 1994. Mrs. Stoops filed a Petition for Dissolution of Marriage in the Fifth Judicial Circuit, Hernando County, Florida on January 26, 1995. This Court granted Mrs. Stoops' Motion to Lift the Automatic Stay on February 22, 1995 so that she could proceed with the dissolution of the marriage between herself and the Debtor. In the Order lifting the stay, this Court expressly reserved jurisdiction on the issue of property division.

The Fifth Judicial Circuit Court entered a Final Judgment of Dissolution of Marriage on October 8, 1996. (Claim No. 71, Exh. 1). In its Judgment, the Court awarded lump sum alimony to Mrs. Stoops in an amount equal to the "net proceeds from the sales of assets which are being held by the Trustee in Bankruptcy." Mrs. Stoops filed a general unsecured claim against the bankruptcy estate in the amount of $74,712.67.

The Trustee objects to Mrs. Stoops' claim for two reasons. First, the Trustee contends that all "community property" (sic) of the

Debtor and Mrs. Stoops as of the commencement of the case became property of the estate pursuant to 11 U.S.C. § 541. However, this argument is facially absurd because Florida is not a community property state. Moreover, the case relied upon by the Trustee is Ninth Circuit Bankruptcy Appellate Panel decision grounded in the law of California, a community property state, and is inapposite to the instant case.

 Second, the Trustee contends that he has the rights of a judgment creditor who levied upon the Debtor's property as of the date the petition was filed; and that distributions under Florida's equitable distribution statute, § 61.075 are subject to prior perfected liens. Hence, the Trustee contends, the circuit court lacked jurisdiction to grant Mrs. Stoops the property of the bankruptcy estate.

Sections 544(a)(1) and (2) of the Bankruptcy Code provide the trustee with the rights of a hypothetical judgment creditor as of the date the bankruptcy petition was filed. *See In re Becker,* 136 B.R. 113, 118 (Bankr. D.N.J.1992) (citing *In re Blease,* 605 F.2d 97 (3d Cir.1979)). Therefore, the filing of the bankruptcy petition is the legal equivalent of a levy by the trustee upon all of the debtor's property as of the petition date. *See id.*

Thus, the issue before this Court is whether Mrs. Stoops had an interest in the property of the estate superior to that of a judicial lien creditor as of February 22, 1994.

In *In re Roberge,* 188 B.R. 366 (E.D.Va. 1995), the debtor and his spouse had lived in Florida for 36 years. Two months after the debtor obtained an *ex parte* divorce in Virginia, he filed a petition for relief under Chapter 7. *See id.* at 368. His nondebtor spouse subsequently filed an equitable distribution suit in Florida state court in order to receive a determination of the parties' interests in the marital estate. *See id.* The bankruptcy Trustee contended that the filing of the petition cut off any equitable distribution rights that the spouse might have. *See id.* The Court noted that the transfer of property interests under § 61.075 were subject to prior perfected liens and found that the spouse's right to equitable distribution vested upon her filing of the equitable distribution suit.

*See id.* at 369. The Court found in favor of the spouse and reasoned that "[w]hile vested property rights can be subject to divestment, the mere filing of a bankruptcy petition does not divest otherwise vested equitable distribution rights." *Id.*

In the instant case, Mrs. Stoops filed a petition for Dissolution of Marriage on January 26, 1995, eleven months after the Debtor filed his bankruptcy petition. Hence, any equitable distribution right she may have had at the time of the Debtor's filing of his bankruptcy petition could not have vested until January 26, 1995. Therefore, the Trustee, as a hypothetical judicial lien creditor, had an interest in the property of the estate superior to that of Mrs. Stoops on February 22, 1994.

 Moreover, "equitable distribution cannot alter a bankruptcy estate's rights in property in which the debtor has an interest on petition date, whether jointly or otherwise." *Becker* at 118. Hence, the Trustee in the instant case had an interest superior to that of Mrs. Stoops and equitable distribution could not alter the estate's interest.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim Number 71 Filed by Emma Stoops be, and the same is hereby sustained and the claim is disallowed.