**In re William Merritt NORVELL III, Debtor.**

**Bankruptcy No. 95–34212(1)7.**

United States Bankruptcy Court, W.D. Kentucky.

July 31, 1996.

Samuel G. Gaines, Louisville, KY, for Debtor.

William W. Lawrence, Trustee, Louisville, KY.

## MEMORANDUM OPINION

HENRY H. DICKINSON, Chief Judge.

One of the "great" scientific/philosophical questions of all time is "if a tree falls in the woods, and no one is around, does it make a sound?" While this Court cannot solve the age old imponderable, it can solve the analogous bankruptcy issue of "can a debtor have the bankruptcy court avoid a judicial lien which is void as a matter of law." The facts of this case, while somewhat unusual, illustrate the all too common problem bankruptcy practitioners and real estate professionals face of what should be done when a judicial lien is filed against a debtor's real estate and that debtor files bankruptcy owning no real property.

### Facts

On April 20, 1994 Deeb & Deeb, P.S.C. obtained a judgment against the debtor in the amount of $6,844.74 plus court costs and post judgment interest at 12%. On May 3, 1994 a judgment lien under KRS 426.720 was recorded against all real property located in Jefferson County, Kentucky.[1] On November 27, 1995 the debtor filed his Chapter 7 bankruptcy. Deeb & Deeb did not file any dischargeability action concerning its obligation and the debtor's obligation to Deeb & Deeb was discharged on March 5, 1996. On July 17, 1996 the debtor filed this motion for this Court to release the KRS 426.720 judgment lien of Deeb & Deeb. No response to this motion was filed by Deeb & Deeb.

### Legal Analysis

In the present case, debtor's counsel has requested the release of the Deeb & Deeb judgment lien. In this respect the case is similar to *Stidham v. Ford Motor Credit,* Case No. 91–50019, Adversary Proceeding No. 94–5091 (Bkrtcy.E.D.Ky. January 11, 1995) which was recently decided by the Honorable Joe Lee.

In *Stidham,* Ford Motor Credit had a judgment lien which encumbered two pieces of real property which the debtors owned at the time they filed bankruptcy. One piece of property was sold by the debtor's Chapter 7 trustee and Ford Motor Credit's judgment lien attached to those proceeds. A second tract of property was abandoned by the trustee and sold at a state court foreclosure sale. After they filed bankruptcy, but before they received their discharge, the debtors purchased real estate ("new real estate") in the same county where the judgment lien was recorded. Three years after they purchased the new real estate they attempted to refinance their mortgage and discovered the Ford Motor Credit judgment lien. After Ford repeatedly refused to release its judgment lien, the debtors filed suit in bankruptcy court to have the lien removed.

In the *Stidham* opinion, the Court first determined that the discharge of indebtedness was retroactive to the date of the filing of the bankruptcy, and that the debt underlying the judgment lien was discharged prior to the debtor's purchase of the new real

---

1. Deeb & Deeb's KRS 426.720 lien purports to constitute a lien on the debtor's personal property, as well as his real property. The lien on the personal property is void as matter of law as KRS 426.720 only authorizes liens on real estate.

estate. The Court then turned to the status of the judgment lien and ruled:

> To the extent the indebtedness of Ford Motor Credit Company was secured by the judgment lien on real property in which the debtors owned an interest on the date of bankruptcy, the lien was extinguished by the sale of those properties by the trustee in bankruptcy and in state foreclosure proceedings.
>
> There is no longer any indebtedness owed by the debtors on the judgment referred to in the Notice of Judgment Lien. 11 U.S.C. § 524(a)(1). The underlying judgment is void and did not survive bankruptcy except to the extent it was secured by a lien on the proceeds of sale of the Moon Lake property sold by the trustee in bankruptcy and the 712 Pocahontas Trail property, which was sold in the foreclosure action in state court. To the extent that the secured indebtedness of Ford Motor Credit Company survived bankruptcy under 11 U.S.C. § 506(d) the secured indebtedness is now extinguished.

We agree with Judge Lee's analysis. In this case, the debtor's obligation to Deeb & Deeb was discharged in the debtor's bankruptcy and the judgment which Deeb & Deeb obtained against the debtor was void under 11 U.S.C. § 524(a)(1). Since the obligation underlying Deeb & Deeb's KRS 426.720 judgment lien was extinguished by the bankruptcy discharge *and* no real estate was owned by the debtor at the time the bankruptcy was filed to which Deeb & Deeb's lien could attach, the judgment lien itself is also void. A KRS 426.720 judgment lien will survive a debtor bankruptcy only as an *in rem* claim against any real estate which the debtor owned at the time his or her bankruptcy was filed. A judgment lien will not attach to any real estate acquired by the debtor after the filing of a Chapter 7 bankruptcy proceeding in which the debtor received a discharge.

Having made the above legal rulings, this Court is still faced with our original question of whether we should enter a comfort order releasing void judgment liens so they will not "encumber" the hypothetical real estate which a debtor might acquire after the filing of their bankruptcy case. We hold that, as a general rule, such orders are unnecessary, as the bankruptcy discharge itself legally satisfies and releases any judgment lien based on a dischargeable obligation and no further action is necessary. This Court shall leave to bankruptcy practitioners and the real estate bar the task of devising a specific method, under Kentucky law, to have these void judgments formally removed from the real estate records.

However, under the unique facts of this case, we shall grant the debtors their requested relief. This Court clearly has the authority under both 11 U.S.C. §§ 105 and 524 to order that this lien be released from the Jefferson County Kentucky property records. This Court believes that since the debtor in this case filed this motion without the benefit of any binding court authority in this area that failing to order the release of this lien would be an unfair burden on the debtor. Therefore, by separate order, we shall order the release of the Deeb & Deeb judgment lien.

Finally, this Court notes that motions to "release" judgment liens normally arise in the context of motions under 11 U.S.C. § 522(f) to avoid judicial liens on real estate. While this case does not directly concern a § 522(f) lien avoidance motion, the holding in this proceeding is directly applicable in such cases. Therefore, this Court, for the reasons set forth above, shall not "avoid" judgment liens on real property in cases where the debtor owns no real property.