**In re Joseph HENSLER, Jr., and Kathryn Hensler, debtors.**

**Joseph, Jr. and Kathryn Hensler, plaintiffs,**

**v.**

**Jeffrey Macysyn, defendant.**

**No. 95–36846(WHG).**

United States Bankruptcy Court, D. New Jersey.

March 22, 2000.

Teich, Groh and Frost, David A. Martin, Trenton, New Jersey, for debtors.

Stark & Stark, Timothy P. Duggan, Lawrenceville, New Jersey, for defendant.

Attorney General of New Jersey, Steven L. Scher, Deputy Attorney General for State of New Jersey, Office of Special Compensation Fund, Trenton, New Jersey.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

### *PROCEDURAL HISTORY*

This dispute arises out of Joseph and Kathryn Hensler's (collectively the "Henslers" or "debtors") motion to enforce the bankruptcy discharge against the holder of a subsequent state court judgment. Specifically, in a post-confirmation action the New Jersey Division of Worker's Compensation ruled that the debtors were liable to both Jeffrey Macysyn ("Macysyn") and New Jersey's Uninsured Employer's Fund for the discharged debt. Debtors allege that the state court judgment is void pursuant to 11 U.S.C. § 524 of the Bankruptcy Code. In contrast, Macysyn asserts that the worker's compensation debt at issue is nondischargeable as it constitutes a tax within the meaning of the Bankruptcy Code.

This court conducted a hearing on this matter on March 22, 1999, and reserved decision. Counsel for both parties submitted supplemental memoranda.

This court finds, for the reasons set forth below, that (1) the debtors are not liable on the discharged debt as § 524(a)(1) renders the state court judgment void; and (2) Macysyn is barred by the doctrine of *res judicata* from asserting the excise tax argument in this proceeding.

This court has jurisdiction over this matter pursuant to § 157(b)(2)(B) & (I). To the extent that this determination constitutes a "non-core" determination, this opinion shall constitute a report and recommendation pursuant to 28 U.S.C. § 157(c)(1).

### FACTS

On September 28, 1995, Joseph and Kathryn Hensler filed a voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code. Joseph Hensler, Jr. was one of the five corporate officers of Lawrenceville Hardware Company, Inc. ("Lawrenceville Hardware"). Jeffrey Macysyn was an employee of Lawrenceville Hardware. On December 4, 1994, Macysyn sustained an injury to his right eye during the course of his employment. Macysyn filed a worker's compensation claim with the Department of Labor on December 21, 1994. Although required by the State of New Jersey in N.J.S.A. 34:15–70, Lawrenceville Hardware did not have worker's compensation insurance at the time of the injury.

On February 13; 1996, Macysyn brought an adversary proceeding in order to have his worker's compensation claim declared nondischargeable. On August 27, 1996, however, this court held that Macysyn's

claim was dischargeable as the debtors did not wilfully cause Macysyn's injury by failing to procure worker's compensation insurance. Despite this ruling, Macysyn and the State of New Jersey continued to prosecute the claim in state court. On March 10, 1998, Honorable Renee C. Ricciardelli, Judge of Compensation, found the debtors to be liable to both Macysyn and the State of New Jersey for the amount owed to Macysyn by New Jersey's Uninsured Employer's Fund[1]. In addition, the debtors were assessed civil penalties in the amount of $6,000 for violations of N.J.S.A. 34:15–79.

A discharge order was issued to the debtors on March 6, 1996. The debtors filed a motion to reopen the proceeding on June 1, 1998, to seek an injunction and sanctions[2] against the creditors pursuant to 11 U.S.C. § 524. Both Macysyn and the State of New Jersey filed opposition to the debtors' motion. On June 22, 1998, this court granted the debtors' motion and reopened this case.

### DISCUSSION

**Res Judicata**

■ *Res judicata* bars relitigation of issues actually litigated or which could have been litigated in a prior suit. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). A prior suit will be conclusive not only as to those matters litigated, but also regarding any other admissible matter that could have been resolved. *Id.* at 398, 101 S.Ct. 2424. The Supreme Court of the United States has stated that "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall

---

1. The State of New Jersey has paid Macysyn $38,751.86 from the Uninsured Employer's Fund for his injuries.

2. Since the imposition of sanctions is discretionary, this court has determined that it will not impose sanctions against Macysyn as he is

entitled to collect benefits from the Uninsured Employer's Fund. The Uninsured Employer's Fund is seeking reimbursement for the amounts paid and still owing to Macysyn on account of his injury. Macysyn has no control over this collection process.

be considered forever settled as between the parties." *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

 Res judicata applies to proceedings within a bankruptcy case. *Katchen v. Landy,* 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Indeed, the Court of Appeals for the Fifth Circuit opined that:

> The numerous and substantial reasons for the doctrine of *res judicata* are ... all the more compelling today, especially for bankruptcy, and related proceedings. Because of spiraling litigation costs, increasingly congested courts—especially bankruptcy courts—and expanding theories of recovery, ..., it is more imperative than ever that the doctrine of *res judicata* be applied with unceasing vigilance. *In the Matter of Baudoin,* 981 F.2d 736, 740 (5th Cir.1993).

The doctrine of *res judicata* requires: "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Purter v. Heckler,* 771 F.2d 682, 690 (3d Cir.1985). In order to invoke the doctrine of *res judicata* all three prongs must be satisfied.

**The August 27, 1996 Judgment Precludes any Further Determination on the Dischargeability of the Worker's Compensation Debt**

 Macysyn does not dispute that all three elements of *res judicata* are satisfied. In addition, Macysyn has not provided any justification for his failure to assert the excise tax argument in the prior proceeding. He merely urges this court to address his argument in the instant matter. Specifically, Macysyn asserts that the Henslers' debt to the Uninsured Employer's Fund is nondischargeable as it constitutes a "tax" within the meaning of the Bankruptcy Code. This court has previous-

ly ruled upon whether or not the worker's compensation debt is dischargeable in bankruptcy[3]. Macysyn was given a full and fair opportunity to litigate his claim and all aspects thereof. As such, Macysyn's excise tax argument should have been raised in that proceeding. *See Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 465, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Sherrer v. Sherrer,* 334 U.S. 343, 352, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948).

This court concludes, therefore, that the doctrine of *res judicata* precludes Macysyn from raising an argument clearly within the scope of the prior proceeding. This court will "not negat[e] rights established by a prior proceeding." *Crop–Maker Soil Services, Inc. v. Fairmount State Bank,* 881 F.2d 436, 439 (7th Cir.1989).

**Effect of Discharge**

Macysyn asserts that the debtors are bound by the state court judgment as they failed to object to the prosecution of the worker's compensation claim. Macysyn's argument is inapposite. Section 524 of the Bankruptcy Code makes it entirely unnecessary for a debtor to do anything at all in a post-discharge collection action. 11 U.S.C. § 524. Thus, for the reasons set forth below this court concludes that the state court judgment is void as to the extent of the debtor's personal liability on the discharged debt. *See Gallagher v. St. Paul Fire & Marine Ins. Co. (Matter of Gallagher),* 47 B.R. 92 (Bankr.W.D.Wis. 1985).

**History of § 524**

 Section 524 of the Bankruptcy Code both (1) voids any judgment of any court that violates the bankruptcy discharge, and (2) operates as an injunction against the continuation or commencement of an action to collect any discharged debt. 11 U.S.C. § 524(a)(2); *See also In re Pavelich,* 229 B.R. 777, 781 (9th Cir. BAP 1999).

---

**3.** On August 27, 1996, this court determined that the worker's compensation debt was indeed dischargeable as the debtor did not en-

gage in a deliberate action that was substantially certain to cause Macysyn's injury.

Thus, it protects the debtor from a subsequent suit in a state court by a creditor whose claim had been discharged in the bankruptcy proceeding. Section 524 of the Bankruptcy Code provides in pertinent part:

(a) A discharge in a case under this title—(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived; (2) operates as an injunction against the commencement of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

Section 524 amended § 14f of the Bankruptcy Act. Under § 14f the effect of a discharge was to create an affirmative defense that the debtor could plead in any action brought on the discharged debt. Bankruptcy Act § 14f, added by Pub.L. 91–467, § 3, 84 Stat. 991, repealed by Pub.L 95–598. If the debtor failed to affirmatively plead the discharge, the defense was deemed waived and an enforceable judgment could then be taken against him or her. *See Household Finance Corporation v. Dunbar*, 262 F.2d 112 (10th Cir.1958) (debtor waived defense of discharge by failing to take any action to set up discharge as a defense in state action). Thus, section 524 was added to section 14f as part of the 1978 amendments to the Bankruptcy Act in order to confirm that the discharge operated automatically. 4 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 524–13[1] (15th ed. Rev.1998).

■ The House Committee on the Judiciary explained the basis for the addition of § 14f as follows:

As stated in the report on this measure by the Senate Judiciary Committee, the major purpose of the proposed legislation is to effectuate, more fully, the dis-

charge in bankruptcy by rendering it less subject to abuse by harassing creditors. Under present law creditors are permitted to bring suit in State courts after a discharge in bankruptcy has been granted and many do so in the hope the debtor will not appear in that action, relying to his detriment upon the discharge. Often the debtor does not appear because of such misplaced reliance, or an inability to retain an attorney due to lack of funds, or because he was not properly served. As a result a default judgment is taken against him and his wages or property may again be subjected to garnishment or levy. All this results because the discharge is an affirmative defense which, if not pleaded, is waived. H.Rep. No. 91–1502, 91st Cong., 2d Sess. 1–2 (1970); 4 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 524.LH (15th ed. Rev.1998).

Macysyn repeatedly asserts that the Henslers should be denied the effect of the discharge as they did not object to the prosecution of the worker's compensation claim until after judgment was entered against them. Macysyn's argument flies in the face of the purpose behind section 524. As stated above, under § 524(a)(1) the debtors were not required to assert the discharge or otherwise object to the continued prosecution of the discharged claim in the subsequent action. This court, therefore, finds that the debtors are not personally liable on the discharged debt as the state court judgment is void ab initio as a matter of federal statute. *See In re Pavelich*, 229 B.R. at 782.

### CONCLUSION

For all of the above reasons, this Court finds that the debtors' debt to the Uninsured Employer's Fund was discharged on March 6, 1996, pursuant to § 524(a)(1). Counsel for debtors shall submit an appropriate Order within ten (10) days.