In re Dorita M. HAMILTON, Debtor.

No. 02–54869 (RTL).

United States Bankruptcy Court,
D. New Jersey.

Dec. 5, 2002.

Lawrence Abt, III, Esq., Cherry Hill, N.J., Attorney for Debtor.

### *OPINION*

RAYMOND T. LYONS, Bankruptcy Judge.

The Debtor moved, pursuant to 11 U.S.C. § 522(f), to avoid the judicial lien obtained by creditor Nationsbank. The Debtor owned no real property at the time her petition was filed and the judgment lien had not attached to any personal property. Since the lien did not impair the Debtor's exemption, the motion is denied.

This court has jurisdiction under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated July 23, 1984, referring all cases under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding that may be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(2)(K) regarding the validity, extent, and priority of liens.

### *Facts*

In June 1997, Nationsbank obtained a judgment against Dorita Hamilton in the Superior Court of New Jersey, Law Division, Special Civil Part, Ocean County in the amount of $16,742.06. The judgment was docketed with the Clerk of the Superior Court in July 1997. Nationsbank never levied against any of Ms. Hamilton's property.

On April 29, 2002, Ms. Hamilton filed a petition under Chapter 7 of the Bankruptcy Code. At the time of filing, Ms. Hamilton owned no real property and only personal property of minimal value, all of which was exempted under 11 U.S.C. § 522. She received a discharge on August 3, 2002.

Subsequent to the discharge, Ms. Hamilton moved to have Nationsbank's lien avoided pursuant to 11 U.S.C. § 522(f)(1). Ms. Hamilton was concerned that the record of this judgment would cloud the title of any real property she may acquire in the future.

### *Discussion*

It is inappropriate to use Section 522(f) [1] to avoid Nationsbank's lien on these facts. Under Section 522(f), a debtor may avoid the fixing of a judicial lien on any of the debtor's interests in property if the lien impairs an exemption to which the debtor is entitled under Section 522(b). 11 U.S.C. § 522(f)(1)(A) (1993 & Supp.2002). A lien impairs an exemption "to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption . . . exceeds the value that the debtor's interest in the property would have been in the absence of any liens." 11 U.S.C. § 522(f)(2)(A) (1993 & Supp.2002).

In New Jersey, a judgment becomes a lien on all of a debtor's real property located in the state when it is recorded on the docket of the Clerk of the Superior Court. N.J. Stat. Ann. § 2A:16–1 (West 2000); N.J. Stat. Ann. § 2A:17–17 (West 2000); *In re Blease,* 605 F.2d 97, 98 (3d Cir.1979); *Italiano v. Palese (In re Italiano),* 66 B.R. 468, 476 (Bankr.D.N.J. 1986); *New Brunswick Savings Bank v. Markouski,* 123 N.J. 402, 587 A.2d 1265, 1269–70 (1991). To obtain a lien on the debtor's personal property, the judgment creditor must obtain a writ of execution from the Superior Court and then have the

---

1. All references to sections are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. § 101, et seq.

sheriff levy on the debtor's personal property. *Blease*, 605 F.2d at 98; *Italiano*, 66 B.R. at 476; *Vineland Savings & Loan Ass'n v. Felmey*, 12 N.J.Super. 384, 393, 79 A.2d 714 (Ch.Div.1950).

■ Where a judgment has not become a lien on any of the debtor's property at the filing of the bankruptcy petition, Section 522(f) cannot apply. "[L]ien avoidance ... cannot occur if there is no lien which has attached to the Debtor's property *as of the time of the bankruptcy filing* which is subject to avoidance." *In re Flowers*, 1998 WL 191425, No. 97–30759DAS, at *1 (Bankr.E.D.Pa. Apr. 17, 1998) (emphasis added). Here, the Debtor owned no real property to which Nationsbank's judgment lien could attach at the time of her filing and the judgment was not a lien on her personal property because Nationsbank had not levied; thus, Section 522(f) cannot be used to avoid a lien where none existed.

■ Although Section 522(f) is unavailing to the Debtor, the judgment in question should not pose future problems for Ms. Hamilton since she received a discharge in her case. "Section 524 of the Bankruptcy Code both (1) voids any judgment of any court that violates the bankruptcy discharge, and (2) operates as an injunction against the continuation of an action to collect any discharged debt." [2] *In re Hensler*, 248 B.R. 488, 491(Bankr.D.N.J.2000); 11 U.S.C. § 524(a) (1993). In this case, Nationsbank had a docketed judgment but no lien on any of the Debtor's property as of the filing of her petition in bankruptcy. Nationsbank was nothing more than a general unsecured creditor whose debt has been discharged. It follows that judgments based

on dischargeable obligations (such as the one in the instant case) fall within the parameters of the Section 524 discharge injunction. *In re Norvell*, 198 B.R. 697, 699 (Bankr.W.D.Ky.1996).

Moreover, Section 524(a)(1) operates automatically, obviating any need for the debtor to assert the discharge to render any subsequent actions on the judgment void. *In re Hensler*, 248 B.R. at 492; *In re Pavelich*, 229 B.R. 777 (9th Cir. BAP 1999). Because "the bankruptcy discharge itself legally satisfies and releases any judgment lien based on a dischargeable obligation," it is unnecessary to issue a "comfort order" to protect the hypothetical real property that a debtor may acquire post-petition. *In re Norvell*, 198 B.R. at 699.

■ To the extent that the Debtor is still concerned about the possible future ramifications of the record of the judgment, New Jersey law allows a debtor to return to the court that granted the judgment and have it canceled. The pertinent statute provides that:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, ... for an order directing the judgment to be canceled and discharged of record.

N.J. Stat. Ann. § 2A:16–49.1 (2000). This statute is " 'an ancillary remedy for discharge of judgments, within the state court system, to assure that judgments intended to be discharged under federal bankruptcy law would not continue to remain on rec-

---

**2.** By referring specifically to the debtor's "personal liability," § 524(a)(1) makes clear that an *in rem* judgment, based upon a prepetition lien and running solely against the

debtor's property, is not affected by the discharge injunction. *See In re Walls*, 125 B.R. 908, 909 (Bankr.D.Del.1991).

ord, thereby requiring payment at some time in the future.'" *Party Parrot, Inc. v. Birthdays & Holidays, Inc.,* 289 N.J.Super. 167, 673 A.2d 293, 296 (App.Div.1996) (quoting *In re Arevalo,* 142 B.R. 111, 112 (Bankr.D.N.J.1992)). The law ensures that "judgments intended to be discharged under the federal bankruptcy law [do] not continue to cloud the marketability of title to property owned by the debtor." *Associates Commercial Corp. v. Langston,* 236 N.J.Super. 236, 565 A.2d 702, 705 (App. Div.1989).

■ N.J. Stat. Ann. § 2A:16–49.1 requires the state court to determine whether the debt was or could have been discharged under the Bankruptcy Code. "[W]hether a judgment lien is 'subject to discharge or release' must be measured by the circumstances existing as of the time of the filing of the bankruptcy petition." *Chemical Bank v. James,* 354 N.J.Super. 1, 803 A.2d 1166, 1172 (App.Div.2002). As discussed above, Nationsbank's debt was discharged in the bankruptcy case and it had no lien on any of the Debtor's property, thus, the judgment falls within the purview of N.J. Stat. Ann. § 2A:16–49.1.

Finally, N.J. Stat. Ann. § 2A:16–49.1 itself addresses the very issue brought by Debtor:

> Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released upon the provisions of the Bankruptcy Act the lien thereof upon said real estate shall not be affected by said order and may be enforced, *but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy . . . .*

N.J. Stat. Ann. § 2A:16–49.1 (emphasis added). The New Jersey legislature clear-

ly contemplated the very concerns voiced by the Debtor when it drafted Section 2A:16–49.1, and thus, the appropriate way for the Debtor to remove Nationsbank's judgment from the record books is to proceed in state court upon the one year anniversary of her discharge.