**In re Philip John STEELE, Elaine Davis Steele, Debtor(s).**

No. 01–36886.

United States Bankruptcy Court, W.D. Kentucky.

March 25, 2009.

J. Andrew White, Stewart E. Bland, Louisville, KY, for Debtors.

## MEMORANDUM–OPINION

JOAN A. LLOYD, Bankruptcy Judge.

This matter came before the Court on the Amended Motion to Avoid Lien of Barrister Commercial Group ("BCG") filed by Debtors Philip John Steele and Elaine Davis Steele ("Debtors") and the Motion to Quash Lien filed by Debtors. The Court considered the Motions of the Debtors and the Responses thereto filed by BCG as well as the testimony of the witnesses held at the hearing on the matter. For the following reasons, the Court will **GRANT** the Motion to Avoid Lien and **DENY** the Motion to Quash Lien as moot. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

In 1995, Debtors purchased a home located at 1414 South Third Street in Louisville, Kentucky ("the Property") for $145,000.

On July 18, 2001, BCG obtained a Judgment in its favor against Defendants Venusoft, Inc., Debtor Philip John Steele, Thomas Taylor, Joey Rivera, Greg Kirchdorfer and Derrick Liccardi in the Jefferson Circuit Court in the amount of $37,745.85 plus costs, interests, attorneys' fees and costs related to collection of the Judgment ("State Court Action" or "Judgment"). The Judgment was based on the State Court Defendants' default on a note they had signed in favor of BCG.

On August 6, 2001, a Notice of Judgment Lien was filed by BCG against Debtor Steele with a Certificate of Service indicating that the Notice was served by regular first class mail on P.J. Steele at "1414 3rd Street, Louisville, KY 40208". The Notice listed the date of the Judgment as 7/18/2001. On August 15, 2001, the State Court changed the final date of the Judgment to July 27, 2001.

On October 15, 2001, BCG filed a revised Notice of Judgment Lien against Debtor P.J. Steele with a Certificate of Service indicating it was mailed regular first class mail to P.J. Steele at "9909 Four Seasons, Louisville, KY 40241–2117." This address is the office address for the attorney for Venusoft, Inc., and P.J. Steele in the State Court Action, John Winston Markham. The revised Notice of Judgment listed the new date of the Judgment as July 27, 2001.

On November 20, 2001, Debtors' filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. The Petition listed the value of the Property at $214,250. At the time the Petition was filed the Property had a mortgage on it in the amount of $201,000.

As of January 1, 2001, the PVA assessment on the Property was $214,250 and

the assessed value in January 2007 was $259,260.

On March 15, 2002, BCG initiated adversary proceedings against Steele and his State Court Co–Defendants seeking to have the debt[1] evidenced by the Judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). On January 17, 2003, this Court entered Judgment in favor of Steele finding the debt dischargeable.

On January 7, 2004, the Final Decree in Debtors' bankruptcy case was entered and the case was closed.

On March 27, 2008, BCG filed a *Lis Pendens* Notice on the Property.

On June 4, 2008, Debtors filed a Motion to Avoid the Lien of BCG on the Property. A Notice of Deficiency was issued by the Court since the case had been closed and no motion to reopen had been filed.

On June 12, 2008, Debtors moved to reopen the case. The case was reopened and Debtors filed an Amended Motion to Avoid Lien pursuant to 11 U.S.C. § 522(f) on June 17, 2008. BCG filed its Objection to the Amended Motion on August 5, 2008.

The Court scheduled the matter for an evidentiary hearing to determine whether BCG's lien impaired the Debtors' claimed exemption in the Property.

Prior to the scheduled hearing, Debtors filed a Motion to Dismiss or Quash Lien of BCG as Defective ("Motion to Quash Lien").

On September 12, 2008, BCG filed its Objection to Motion to Quash Lien.

Debtor Elaine Steele testified at the valuation hearing that she has been involved in the real estate business since 1995. In her opinion, the value of the Property at the time of the Petition was approximately $180,000. This opinion was based on her knowledge of real estate values in the neighborhood and her personal knowledge of the condition of the home. Additionally, an easement in favor of a neighbor across the driveway of the home was an encumbrance on the Property. The Property next door was advertised on the internet as an adult entertainment bed and breakfast which she claimed decreased the value of the Property.

Certified appraiser, Jeffrey Sandeffer, also testified on behalf of Debtors. In his opinion, the Property was valued at $215,000 at the time the Petition was filed.

BCG also had a certified appraiser testify at the hearing on the value of the Property at the time the Petition was filed. George Chapman testified the Property was valued at $405,000, if the Property was used as a single family dwelling. If the Property was used as income generating property, he valued it at $275,000.

## CONCLUSION OF LAW

The Debtors seek to have the Judgment Lien of BCG filed against their Property either quashed or avoided pursuant to 11 U.S.C. § 522. The parties dispute whether Debtor P.J. Steele received the Notice of Judgment Lien filed by BCG. For the following reasons, the Court concludes the Debtors' Motion to Avoid the Lien should be granted and the Motion to Quash the Lien denied as moot.

The Debtors moved to reopen the case on June 12, 2008 well after the entry of their discharge and closure of the case. Debtors' Motion is made pursuant to 11 U.S.C. § 522 which states in pertinent part,

---

1. For more background on the origin of the debt, see Memorandum/Opinion dated January 17, 2003 in AP No. 02–3032.

. . . . .

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien . . .

Debtors seek to avoid the Judgment Lien obtained by BCG in State Court on July 27, 2001. Debtors contend they did not receive notice of the recording of the Judgment lien and were unaware of its existence until they attempted to refinance the Property in 2008.

■ Under Kentucky law, a judgment creditor must strictly comply with the statutory requirements to effectively record a judgment lien pursuant to KRS 426.720. That statute states, in pertinent part,

A final judgment for the recovery of money or cost . . . shall act as a lien upon all real estate in which the judgment debtor has any ownership interest, in any county in which the following first shall be done:

. . . . .

(3) The judgment creditor or his counsel shall send to the last known address of the judgment debtor, by regular first class mail, postage prepaid, or shall deliver to the debtor personally, a copy of the notice of judgment lien, which notice shall include the text of KRS 427.060. . . .

(4) The judgment creditor or his counsel shall certify on the notice of judgment lien that a copy thereof has been mailed to the judgment debtor in compliance with subsection (3) of this section.

■ The record in this case shows the State Court initially entered Judgment against Debtor P.J. Steele and his Co-Defendants on July 18, 2001. On August 9, 2001, BCG, through counsel, filed a Notice of Judgment Lien against P.J. Steele. The Notice of Judgment Lien listed the date of the Judgment as July 18, 2001. The Certificate of Service indicates that it was served by regular first class mail, postage prepaid to "Debtor, P.J. Steele, 1414 3rd Street, Louisville, KY 40208. . . ." At this time, Debtor resided at 1414 **South** 3rd Street, Louisville, KY 40208. Thus, while close, the Notice was not sent to the Judgment Debtor's last known address. Strict adherence to KRS 426.720 is required for a lien to be effective.

■ Despite this defect, BCG got another chance to correct the Notice. On August 15, 2001, the State Court entered a new Judgment which changed the date of the Final Judgment against Debtor P.J. Steele to July 27, 2001. In order to incorporate the new Judgment date, BCG filed a revised Notice of Judgment Lien on October 15, 2001 with the new Judgment date of July 27, 2001. The Certificate of Service on the revised Notice of Judgment Lien filed by counsel for BCG states that it was "mailed to the Judgment Debtor, P.J. Steele, 9909 Four Seasons, Louisville, KY 40241–2117 by regular first class mail, postage prepaid on the 15th day of October, 2001." This address is not the Debtor's address, but is the address of the Debtor's attorney in the State Court case.

■ The Court finds that delivery of the revised Notice of Lien was also ineffective as the statute specifically states that the Judgment creditor or his counsel "shall" send the Notices to the "last known address of the Judgment Debtor." Although an attorney is a party's representative, the purpose of the Judgment Lien statute is to ensure notice of the Judgment Lien to the Judgment Debtor, not his counsel. The Court can imagine many scenarios where an attorney would no longer represent a judgment debtor and the judgment debtor

would not receive notice of the judgment lien if it were not sent directly to the debtor. The statute does not state that delivery of a notice of judgment lien to debtor's counsel is sufficient notice under the statute.

◼ On October 26, 2005, BCG's counsel filed with the Jefferson County Clerk a document entitled, "Affidavit in Aid of Title." The Affidavit referenced the July 27, 2001 Judgment and stated that P.J. Steele was also known as "Philip J. Steele." This document also did not meet the requirements of KRS 427.060 because it did not certify that it was delivered or served on the Judgment Debtor.

◼ The purpose of a judgment lien is to reserve a place in line for an entity holding a monetary judgment against a particular person to satisfy that judgment from any subsequent sale of any property belonging to the person against whom the judgment was obtained. *Redondo Const. Corp. v. U.S.*, 157 F.3d 1060, 1067 (6th Cir.1998). For this reason, the judgment lien notice must strictly comply with the statute. Here, neither of the notices strictly complied with the statute and the lien was defective. It therefore, is properly avoided.

◼ Debtors also contend that any action to enforce the lien by Barristers was barred by the Court's Judgment declaring the debt dischargeable in AP Nos. 02–30131 and 02–3032. BCG is correct in noting that normally a judgment declaring a debt dischargeable does not extinguish the debt. Rather, the judgment lien survives the debtor's bankruptcy as an *in rem* claim against the real estate owned by the judgment debtor at the time the bankruptcy was filed. *In re Norvell,* 198 B.R. 697 (Bankr.W.D.Ky.1996).

◼ In the case at bar, however, the lien was defective prior to the date the Petition was filed and therefore did not survive the bankruptcy discharge as an *in rem* claim. The Court is not aware of any state remedial statute, nor has any party cited such a provision, that would permit "reach back" status, revive the lien post-petition or give the creditor a superior claim, such as with a reclamation claim. See 11 U.S.C. § 546, KRS 355.2–702(2) in *In re Mel Golde Shoes, Inc.,* 403 F.2d 658 (6th Cir.1968). Thus, since the lien was ineffective from the outset, it did not attach to the Debtors' property and will be avoided.

Finally, as an additional ground for avoiding the lien, the Court considered the testimony of all witnesses at the valuation hearing. The Court finds the Debtors' expert, Jeffrey Sandeffer and the PVA value assessed at the time of the filing of the Petition, more credible and accurate as representing the value of the Property in 2001. BCG's expert, George Chapman, testified that the home was valued at approximately between $275,000 and $405,000, depending on its use. While Mr. Chapman's Opinion normally carries great weight on such matters, the obvious poor condition of the home outweighed his testimony.

As of November 20, 2001, the lien was valued at approximately $53,216. The Debtors claimed a $10,000 exemption in the Property and the Property had a $201,000 mortgage at the time of the Petition filing. The Court finds that the value of the Property in 2001 at the time of the filing was approximately $214,250. Pursuant to 11 U.S.C. § 522(f), the lien is avoided.

## *CONCLUSION*

For all of the above reasons, the Court **GRANTS** the Motion to Avoid the Lien of Debtors Philip John Steele and Elaine David Steele and **DENIES** the Motion to Quash Lien of the Debtors as moot. An

Order avoiding the lien of Barristers Commercial Group is attached and incorporated herein.